**UNITED STATES of America,**
**Plaintiff,**

v.

**Peter S. SCHERK, Defendant.**
**Cr. No. 35992.**

United States District Court
N. D. California, S. D.
Oct. 26, 1959.

OLIVER J. CARTER, District Judge.

The defendant has filed a petition under the provisions of Title 28 U.S.C. § 2255, asking this Court to set aside a sentence of imprisonment against the defendant heretofore imposed by this Court. Defendant has also filed a petition for writ of habeas corpus ad testificandum asking that he be produced at the time of hearing on his motion for relief under Section 2255.

The petition sets out three claims for relief:

"(1) Your humble Petitioner's plea of guilty was entered by reasons and results of duress.

"(2) Your humble Petitioner's mental condition.

"(3) Your humble Petitioner's plea of guilty was entered in a state

of mental incoherence and inadvertence."

Since claims 2 and 3 refer to the same subject matter, namely, the petitioner's mental condition at the time he entered his plea of guilty, they will be treated together as one claim. The petitioner places his greatest emphasis on the claim that he was mentally incompetent to enter a plea of guilty, and that therefore the sentence based on that plea should be set aside. Nowhere in his petition, or in any of the accompanying documents, does petitioner allege the nature of his illness, the nature of his mental condition prior to the time of the commission of the alleged offense, or prior to the time of the entry of his plea of guilty; nor does he make any allegation of the nature of his mental condition, or any treatment thereof, subsequent to his plea of guilty, and subsequent to the sentence imposed pursuant to the plea of guilty. In other words, the petition simply makes the bare allegation that the petitioner was mentally incompetent at the time he entered his plea of guilty, and that said plea was entered because of his serious physical condition. The main thrust of his argument is that the Court failed to follow the procedure set up in Title 18 U.S.C. § 4244, and that therefore he has had no hearing to determine the question of his mental competence at the time of the entry of the plea.

Section 2255 provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

Since the records and files of the court show that the provisions of Title 18 U.S.C. § 4244 were substantially followed the Court is presented at the outset with the question as to whether it is necessary to hold a hearing in a § 2255 proceeding in which the prisoner has made the bare allegation that he was mentally incompetent at the time of the entry of his plea of guilty.

A resume of the record shows, and the Court finds as follows:

(1) On February 12, 1958, an indictment was returned charging the defendant in two counts with armed bank robbery in violation of Title 18 U.S.C. § 2113(a)(d), alleging that on or about the 10th day of January, 1958, the defendant committed the bank robbery.

(2) On February 13, 1958, the defendant appeared in court with retained counsel to be arraigned, and requested permission to enter a plea of guilty to count two of the indictment. The transcript of the proceedings on arraignment, plea and sentence held on February 13, 1958, in part discloses the following:

"Mr. Constine: (AUSA) May it please the Court, the Marshal has in custody one Peter S. Scherk, yesterday indicted by the Grand Jury. Mr. Scherk is represented by Mr. Livingston.

"The Court: Mr. Scherk, yesterday the Grand Jury returned an indictment charging you with violation of Title 18, Section 2113(a) and (d), being armed bank robbery. The indictment is in two counts. This is the time for arraignment. Mr. Clerk, I will have you arraign the defendant.

"The Clerk: The United States Grand Jury for this District and Division has returned an indictment against one Peter S. Scherk. Is that your true name?

"The Defendant: That is right.

"The Clerk: This indictment is in two counts. Count one charges that on or about the 10th day of January, 1958, in San Francisco, you did rob the said Bank of America which is insured by the Federal Government. Count two charges on or about the 17th day of January, 1958, in San Francisco, you did rob another bank, the Market-Jones

Branch of the Crocker-Angle National Bank. Counsel, do you waive further reading?

"Mr. Livingston: I do.

"The Clerk: Have you received a copy?

"Mr. Livingston: Thank you.

"The Defendant: Yes.

"Mr. Constine: I might state before any plea is taken that on January 21, 1958, Judge Hamlin under Section 4244, Title 18, ordered an examination conducted by a psychiatrist to determine this defendant's mental capacity to proceed to trial. On January 30th Doctor Poliak examined the defendant after having been designated as the psychiatrist by our probation office. I have here the report of Doctor Poliak which I would like to file with Your Honor at this time.

"The Court: You may.

"Mr. Constine: Which concludes that the defendant is both legally and medically sane at present as well as at the time of the alleged commission of the offense.

"I certify, based on this examination, it is our position the defendant is able to stand trial and assist counsel in his own defense.

"The Court: Does he have the mental competence to enter a plea?

"Mr. Constine: Yes, based on this report.

"Mr. Livingston: I haven't a copy of that letter.

"Mr. Constine: No. I was to give counsel a letter. He has examined the letter, but I was to give him a copy and I did not, and may I obtain the letter and provide a copy to counsel?

"The Court: Yes, that may be done.

"Mr. Livingston: I think the position taken by the United States Attorney is all right so far as it goes. I think the defendant is able to make a plea. I do urge Your Honor, however, to look at the last part of the letter which says that the man should have psychiatric treatment.

"He would like Your Honor's permission, with the United States Attorney's acquiescence, to plead to the second count.

"The Court: The defendant is ready to enter his plea at this time?

"Mr. Livingston: Yes. I would move for a dismissal of the first count.

"The Court: Mr. Scherk, you had a chance to go over this with your counsel?

"The Defendant: Yes, Your Honor.

"The Court: You are willing to enter a plea to the second count of this indictment at this time?

"The Defendant: That is correct, Your Honor.

"The Court: You understand the nature of the act you are doing now?

"The Defendant: Yes.

"The Court: You are certain of that in your own mind?

"The Defendant: Yes.

"The Court: And you understand the nature of this proceeding being conducted against you?

"The Defendant: I do.

"The Court: I know you are ably represented by counsel and I am not concerned about that, but I want you in your own mind to be able to understand what is occurring.

"The Defendant: Yes.

"The Court: All right, I will permit you to enter your plea. And now, I want to ask Mr. Constine, is the Government satisfied with the plea to the one count?

"Mr. Constine: Each count of the indictment carries a maximum sentence of 25 years, and we would be agreeable to a plea to the second count, and according to Your Honor's customary practice we would ask that you take the first count

under submission until the time of sentencing.

"The Court: But you think the interests of justice would be satisfied by a plea to the one count?

"Mr. Constine: Yes.

"The Court: Our practice is that we reserve ruling on the motion to dismiss the other count until we have had the opportunity to see a pre-sentence investigation of the probation officer, and at that time the Court reserves the right either to refuse the motion to dismiss and require a plea or dismiss.

"Mr. Livingston: I understand, Your Honor.

"The Court: With that understanding, is the defendant ready to enter his plea to count two?

"Mr. Livingston: He is.

"The Court: All right, then, Mr. Clerk, take the plea to count two.

"The Clerk: Peter S. Scherk, how do you plead to count two of this indictment, guilty or not guilty?

"The Defendant: Guilty."

(3) The minutes of the Court for February 13, 1958, Criminal No. 35992, are as follows:

"*U. S. v. Peter Scherk:* This matter came on ex parte. Deft. pres. in custody with Lawrence Livingston, Esq. arrgnd to true name and handed copy of indictment. Entered plea of Guilty to Count 2. Psychiatric report of Dr. Percy Poliak filed in open court. Douglas Ahlstrom, after being duly sworn, testified on behalf of U. S. Counsel on behalf of deft requested immediate judgt and after a recess and consultation with the probation department, it was Adjudged that the defendant be imprisoned in an institution to be designated by the Atty. Gen. for a period of Ten (10) Years as to Count Two. Further recommended that the deft be confined for treatment at the medical facility of Springfield, Mo. for a period of time as deemed necessary by the authorities.

"Ordered Count 1 Dismissed. Donald Constine, AUSA also present."

(4) The minutes of the Court for January 21, 1958, contain the following entry:

"Misc. No. 8210—*U. S. v. Scherk*—1/21/58 Ord. for mental exam. Upon motion of Donald Constine AUSA above deft. ord. for mental exam. in accordance with order this day signed and filed."

There is contained in Misc. file No. 8210 the following order directing mental examination of the defendant:

"It appearing that a complaint was filed before the United States Commissioner Joseph Karesh at San Francisco, California, on Monday, January 20, 1958, charging the above-named defendant with armed bank robbery in violation of Sections 2113(a) (d) of Title 18 United States Code;

"It further appearing that the defendant is in default of $50,000 bail and was remanded and is in the custody of the United States Marshal for the Northern District of California;

"On motion of Donald B. Constine, Assistant United States Attorney for the Northern District of California, attorney for plaintiff, and Lawrence Livingston, attorney for defendant, and good cause appearing therefor;

"It Is Hereby Ordered that Albert Wahl, Chief United States Probation Officer for the Northern District of California, select and designate a psychiatrist for the purpose of having the above-named defendant mentally examined, pursuant to Section 4244 of Title 18, United States Code.

"It Is Further Ordered that the United States Marshal for the Northern District of California, and/or any of his deputies, be and

they are hereby authorized and empowered to remove the herein defendant Peter S. Scherk from the San Francisco County Jail, his present place of confinement, to the office of the psychiatrist designated by the said Albert Wahl.

"It Is Further Ordered that the said United States Marshal and/or any of his deputies, shall keep the defendant Peter S. Scherk in custody at all times, and immediately following said mental examination shall return said defendant to his present place of confinement in the San Francisco County Jail.

"Dated: January 21, 1958.

"O. D. Hamlin
"United States District Judge"

(5) On February 13, 1958, a sentence of ten years imprisonment was imposed against petitioner on his plea of guilty to Count 2 of the indictment.

(6) On February 14, 1958, there was filed in file No. 35992 (the file which was made pursuant to the indictment here involved), document No. 2, a letter from Percy P. Poliak, M.D., dated February 1, 1958. (This is the letter which was referred to in the transcript of the proceedings on arraignment, plea and sentence). Said letter reads as follows:

February 1, 1958
"Mr. Albert Wahl
"Chief U. S. Probation Officer
"United States District Court
"San Francisco, California
"Dear Mr. Wahl:
re: Peter Stuyvesant Scherk

"Pursuant to the request of your office, I examined the above named for the purpose of psychiatric evaluation, with special reference to the determination of his 'sanity' at the time of the commission of his alleged offenses, his ability to defend himself in court, and his possible need for hospitalization.

"The examination was conducted in County Jail No. 1 on January 30, 1958. The defendant was cooperative and understood the purpose and nature of the examination.

"Since the defendant's background and past history has been adequately recorded in your own files there shall be no repetition here. This report shall confine itself to findings and opinion.

"Psychiatric examination showed the defendant to be of good intelligence, fully oriented in all spheres, in good contact with reality, and free of any and all psychotic manifestations. He was seen, however, as a person with basic personality defects and inadequacies, emotional instability, low frustration tolerance, moodiness, considerable repressed hostility, and the tendency to neurotically act out his conflicts * * * all this leading to maladjusted patterns of behavior.

"Relative to the bank robbery episodes of January 10th and 17th, the defendant relates that he was desperate for money. He needed funds to pay for an abortion for his girl friend; he wanted to join the Marine Cooks and Stewards Union, but first had to go to their school in Santa Rosa for three months, and he needed money for that; he had been negotiating to sell his automobile when his friend took off in it and wrecked it. To quote him: 'I racked my brains to figure out how I was going to get the money I needed * * * I felt something would turn up, but it didn't and I was desperate. Then I thought of robbing a grocery store or bar, but was afraid somebody might get hurt. I figured there was less chance of someone getting hurt in a bank because the money was insured * * * so I robbed the bank.' He explained that he had bought the gun, a .32 Mauser automatic, a couple of months before from a seaman on the water front—because he liked guns and this was a bargain. He further stated that he knew it was wrong and punishable to commit

robbery of any sort, and he was not impelled or compelled to act as he did for any reason other than he was desperate for money. Most of the money he obtained in the first robbery he gave to his girl friend for the abortion. Then he needed more to finance his three months in school; and since the first job was so easy, he decided to try it once more.

"Opinion: The defendant shows no evidence of any psychosis at this time, and there is no indication that at the time of his offenses he had any mental disorder or defect which would preclude him from understanding and appreciating the nature and consequences of his acts. He had the mental capacity to differentiate between right and wrong relative to such behavior, and was under no pathological irresistible compulsion to commit such acts.

"He is both medically and legally 'sane', at present as well as at the time of the alleged commission of his offenses.

"Though sane, there is no doubt that the defendant is an emotionally ill young man who could be helped by psychiatric treatment. It is recommended, therefore, that he be sent, if possible, to an institution where psychiatric treatment facilities are available.

"Very truly yours,

Percy P. Poliak, M. D."

Under these circumstances petitioner contends that § 4244 was not followed, and that therefore no proper procedures were taken to examine into his mental competency at the time of the plea. Section 4244 provides as follows:

"Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * * "

■ It is apparent here from the files that the United States Attorney filed a motion for a judicial determination of the mental competency of the accused (see minutes of January 21, 1958, and recitation in order of January 21, 1958), and on January 21, 1958, the Court ordered the Probation Officer to select and designate a psychiatrist for the purpose of having the defendant mentally examined pursuant to § 4244 of Title 18 U.S.C. The report of the psychiatrist, Dr. Poliak, was discussed in the proceedings on February 13, 1958, at the time of the entry of the plea of the defendant, and a copy of the report was filed on February 14, 1958, in the records of the court. The gist of the report is that although the defendant was emotionally ill he was fully aware of the nature and consequences of his acts; that

he was of good intelligence, fully oriented in all spheres, in good contact with reality, and free of any and all psychotic manifestations; and that he was both medically and legally sane at the time of the report, as well as at the time of the commission of his offense.

The last sentence of the above-quoted portion of § 4244 states:

"If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto."

A fair reading of this language would seem to imply that if the report of the psychiatrist indicated a present state of sanity and mental competency on the part of the accused that then it would not be necessary for the court to hold a further hearing on the sanity or mental competency of the accused, at least unless further representations were made to the court questioning the sanity or mental competency of the accused. The report of the psychiatrist of which the accused and his attorney were aware at the time of the plea, and a thorough questioning of the accused by the court as to his understanding of the nature and consequences of his acts at the time of plea (see quoted portion of transcript at arraignment, plea and sentence), would indicate that there was no question in any one's mind at that time as to the mental capacity of the defendant to enter a plea to the indictment with a full understanding of the nature and consequences of his act.

Based on these findings, which are taken from the records and files of the court, the Court must conclude as a matter of law that the petitioner was mentally competent at the time he entered his plea of guilty, and upon this conclusion and the facts so found the Court further finds that the motion and the files and records of the case conclusively show

that the prisoner is entitled to no relief on the ground of alleged mental incompetency at the time of the entry of the plea.

In arriving at this conclusion the Court is mindful of the many cases which enjoin the District Court to carefully examine into the issue of mental competency whenever that point is properly raised in a proceeding under § 2255. The latest ruling on this point is in Bell v. United States, 9 Cir., 1959, 269 F.2d 419, where the Court of Appeals ordered the District Court to hold a hearing on the issue of mental competency under a § 2255 proceeding, after the District Court had dismissed the § 2255 petition challenging the mental competency of a criminal defendant to waive counsel and enter a plea of guilty in the District Court. The Court of Appeals stated:

"The issue of competency to stand trial [1] is reviewable by collateral attack under section 2255.[2] That section requires the court to hear and determine the issue and make findings of fact and conclusions of law in respect thereto 'unless the motion, files and record conclusively show the prisoner is entitled to no relief.'[3] [Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 586]

"We think this exception to the hearing requirement is inapplicable since it does not appear either (1) that the issue of appellant's competency to stand trial has previously been determined in a proceeding under section 4244 [4] or section 2255 or in habeas corpus,[5] or (2) that his present claim of incompetency is plainly frivolous. We therefore reverse the order denying relief and remand the case to the District Court for further proceedings in accordance with this opinion.[6]" (269 F.2d 420–421)

This case relies on a number of cases which hold that there is a duty on the District Court in a § 2255 proceeding challenging the mental competency of a criminal defendant, either to stand trial

or enter a plea of guilty, to hold a hearing on the issue of mental competency of the defendant to stand trial or enter a plea of guilty if the issue is raised properly by the petition, or by the records and files in the case. See Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, reversing 96 U.S. App.D.C. 117, 223 F.2d 582. See also Simmons v. United States, 8 Cir., 1958, 253 F.2d 909; Gregori v. United States, 5 Cir., 1957, 243 F.2d 48; Lloyd v. United States, 1957, 101 U.S.App.D.C. 116, 247 F.2d 522; Wells v. United States, 1956, 99 U.S.App.D.C. 310, 239 F.2d 931. See also: United States v. Cope, D.C.W.D.Mo.1956, 144 F.Supp. 799.

In all these cases there was either a failure to follow the procedure set forth in § 4244 to ascertain the sanity or mental competency at the time of the trial or plea, or there was some showing in the record that the defendant had been declared insane or mentally incompetent, either shortly prior or subsequent to the entry of the plea, or the time of trial in the criminal case, or some combination of these factors. The petitioner has made no allegations that he has suffered from any insanity after trial but prior to the time of sentence as was the case in Bishop v. United States, supra; or that he had a post-sentence mental history, such as that set forth in Gregori v. United States, supra; or that the defendant had a mental record prior to the entry of the plea, or time of trial, such as set forth in Simmons v. United States, supra; or the failure to hold proceedings under § 4244 prior to the time of plea, trial or sentence, as was the case in Wells v. United States, supra, Lloyd v. United States, supra, and Bell v. United States, supra. As a matter of fact nothing appears in the petition as to the petitioner's mental condition in this case prior or subsequent to the time of plea, except the bare assertion that he was mentally incompetent to enter a plea of guilty at the time of plea.

The petitioner also contends in his first claim that his plea of guilty was entered by "reasons and results of duress." In this regard the petition is also silent as to the fact upon which the claim of duress is based. There is an assertion that he "was arrested on Saturday, January 18, 1958, at 5:30 a. m., and was held until January 20, 1958, before being given a chance to make bond or being arraigned before the United States Commissioner." In other words, he was arrested early Saturday morning, and was taken before the United States Commissioner the following Monday. He also hints that some pressure was put on him as follows:

> "Petitioner asked this Honorable Court why he was held for sixty-four hours, and threats and duress and promises also incommunicado, without medical care or attention."

Of course petitioner fails to mention that he was represented by able, retained counsel at all stages of the proceeding, and that time was taken to make inquiry into his mental condition prior to the time of indictment and prior to the time of arraignment and plea in the District Court.

In this state of the record without some statement of facts, which if true would raise the question of duress, there is no necessity to hold a hearing under § 2255 to examine into the conclusionary statement that the plea of guilty was made under duress. See United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, 414; United States v. Cope, supra.

In summary, it is apparent that the petitioner was and is an intelligent, but emotionally ill, young man, who committed the very serious offense of armed bank robbery. He was represented by retained counsel, a man of many years of experience before both state and federal courts in San Francisco, and who by observation and reputation is known to the Judge who heard these proceedings to be able and skilled counsel. Shortly after his arrest the question of petitioner's mental competency to appear in criminal proceedings was raised, and

a mental examination was ordered under the provisions of § 4244. The report made of this mental examination was that the petitioner was sane and was well aware of the nature and consequences of his acts, both at the time of the offense and the time of the entry of his plea. He has stated no facts which would indicate his plea was made either under duress or lack of mental capacity to enter a plea. Under these circumstances the Court finds that the motion and the files and records in the case conclusively show that the petitioner is entitled to no relief.

The findings of fact and conclusions herein set forth shall be deemed to be the findings and conclusions of the Court.

It is therefore ordered that the petition be, and the same is hereby dismissed.