Peter S. SCHERK,[1] Petitioner,

v.

UNITED STATES of America, Respondent.

No. 42523.

United States District Court
N. D. California, S. D.

May 28, 1965.

---

1. Petitioner brings this proceeding in the name of Peter S. Scherck. He was indicted under the name of Peter S. Scherk. One of his prior proceedings was instituted under the name of Peter S. Scherk, and the other Peter S. Scherck. In order to maintain the continuity of name this proceeding will continue under the name "Scherk."

**OLIVER J. CARTER, District Judge.**

This is Scherk's third petition for relief under 28 U.S.C. § 2255 from a ten year prison sentence after his plea of guilty to a charge of armed bank robbery (18 U.S.C. § 2113(a) (d). The first motion was filed on October 19, 1959, in which petitioner sought to have the Court vacate and set aside his sentence for armed bank robbery upon the ground that he was mentally incompetent to enter a plea of guilty, and that he was under duress at the time of making said plea. The motion was dismissed without hearing upon the ground that the records and the files in the case conclusively showed that the petitioner was entitled to no relief. The Memorandum and Order of the Court is reported under the title United States v. Scherk, 177 F. Supp. 793 (D.C.N.D.Cal., S.D., 1959). Reference is made thereto for a more detailed statement of the record on arraignment, plea and judgment in the criminal proceedings. On May 13, 1960, petitioner filed his second motion for relief under 28 U.S.C. § 2255, on the ground of an unlawful arrest and search made without probable cause. Again the action was dismissed without hearing because the Court found in its unreported Memorandum and Order that, since the defendant was represented by counsel of his own choosing and the record showed that he had voluntarily entered a plea of guilty to the charge of armed bank robbery, he had waived his claims of violation of constitutional rights for illegal arrest and illegal search and seizure.

With this backdrop he now petitions this Court to vacate and set aside that sentence by a motion under 28 U.S.C. § 2255. As grounds for this motion he alleges that he did not have adequate assistance of counsel at the time of his plea. More specifically Scherk claims that his attorney failed to make an independent investigation of the facts, was unskilled in the practice of criminal law, especially federal criminal law, and advised Scherk to plead guilty solely on the basis of the recommendation of the United States Attorney. In repetition of claims made in his prior petitions, he further claims that he was illegally arrested by San Francisco police and handed over to federal authorities on a "silver platter;" and that there was undue delay between the time of his arrest and his appearance before a United States Commissioner.

■ As to the alleged undue delay between the petitioner's arrest and his arraignment before the United States Commissioner, the record shows that Scherk was arrested on Saturday, January 18, 1958 at 5:30 o'clock a. m., and that he was brought before the Commissioner on Monday, January 20, 1958. At the time of his arrest the office of the United States Commissioner closed at 5:00 o'clock p. m. on Friday and did not reopen until the following Monday, so that Scherk was brought before the Commissioner within a reasonable time under the circumstances, and therefore there was no undue delay.

■ Both the illegal arrest and the alleged illegal detention are matters of the arrest procedures. Irregularities in the arrest procedures are not subject to attack by a motion under § 2255 after a voluntary guilty plea. The proper manner in which to question these procedures is either by a motion before sentence, or on appeal. Warren v. United States, 311 F.2d 673 (Cir. 8, 1963); United States v. Koptic, 300 F.2d 19 (Cir. 7, 1962). Moreover in the present case no evidence at all was introduced by the prosecution. The sentence depended solely upon the plea of guilty entered by Scherk. Such a plea, if voluntarily and knowingly made, waives all non-jurisdictional defenses including illegal arrest and detention. Anderson v. United States, 338 F.2d 618 (Cir. 9, 1964); Harris v. United States, 338 F. 2d 75 (Cir. 9, 1964); Hoffman v. United States, 327 F.2d 489 (Cir. 9, 1964);

Thomas v. United States, 290 F.2d 696, 697 (Cir. 9, 1961); Eberhart v. United States, 262 F.2d 421 (Cir. 9, 1958).

■■ The claim of inadequate assistance of counsel presents a more serious problem. The courts do not lightly set aside a conviction or sentence on the grounds of inadequate assistance of counsel. Generally sentence will not be vacated on such grounds unless there is a clear showing that the attorney's conduct was so incompetent as to make the proceeding a farce. Black v. United States, 269 F.2d 38 (Cir. 9, 1958). In order to justify a hearing on such grounds the petition must set out a course of action on the part of counsel which would preclude a fair hearing, and make the resultant proceedings a mockery of justice. Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958). Dodd v. United States, 321 F.2d 240 (Cir. 9, 1963) lists certain allegations which will not entitle a petitioner to a hearing in this District.

> "Many of the grounds often asserted to sustain lack of effective assistance of counsel do not justify a hearing or entitle petitioner to relief. Of such character are contentions as to the 'competence of counsel' (citation omitted); the 'quality of a defense' (citation omitted); or 'matters of counsel's judgment' (citations omitted); 'general statements expressing dissatisfaction with trial results' (citation omitted), or 'a matter of trial tactics or strategy' (citations omitted)." 321 F.2d at 243.

■ Despite the stringent requirements of Black v. United States, supra, it is still possible to allege sufficient specific claims of inadequate assistance to require a hearing, but the allegations of the petition must be viewed in the light of the type of proceeding which resulted in petitioner's sentence. What is a serious defect in a jury trial is not necessarily so where petitioner has pleaded guilty. Thus in Smith v. United States, 259 F.2d 125 (Cir. 9 1958) petitioner,

convicted after trial in district court, claimed that his court appointed counsel was unfamiliar with federal criminal procedure and practice, inexperienced with criminal proceedings in general, and failed to make an adequate investigation of the facts and possible defenses. The district court dismissed the petition without a hearing. On appeal it was held that these allegations required a hearing.

Similarly in Brubaker v. Dickson, 310 F.2d 30 (Cir. 9 1962) in a petition for habeas corpus relief from sentence imposed by a state court after jury trial, petitioner alleged inadequate assistance of counsel in that his attorney failed to investigate, prepare and discover defenses. The court held that these allegations clearly stated facts which, if true, would amount to inadequate assistance. Also, since the claims were dehors the record, a hearing was required.

■ But both Smith and Brubaker involved actual trials and not pleas of guilty. In a trial accused, usually a layman, is almost totally dependent upon trial counsel to adequately present his version of the facts and whatever defenses he might have to the trier of fact. A plea of guilty however does not involve such extensive reliance on counsel. As stated in Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707 (1958):

> " * * * here there are not baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law. A plea of guilty may not be withdrawn after sentence except to correct a 'manifest injustice,' and we find it difficult to imagine how 'manifest injustice' could be shown except by proof that the plea was not voluntarily or understandingly made, or a showing that defendant was ignorant of his right to counsel. *Certainly ineffec-*

*tive assistance of counsel, as opposed to ignorance of the right to counsel, is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears on the issues of voluntariness and understanding."* 256 F.2d at 709, 710 (Emphasis added).

The record in the Edwards case bears a strong resemblance to that in Scherk's case. There, as here, petitioner in his § 2255 petition claimed illegal arrest, illegal detention and inadequate assistance of counsel. There the petitioner alleged he had only one short conference with counsel twenty minutes before trial. There, as here, a plea of guilty was entered. There Judge Holtzoff dismissed the petition without a hearing. United States v. Edwards, 152 F.Supp. 179 (D.C. 1957)

> "To permit unsupported statements of a layman, sometimes an ignorant layman, that his lawyer did not do a good job, to warrant a hearing to determine the efficiency of representation of counsel, would place every lawyer at the mercy of a disappointed client. * * *

> "A single conference is, however, frequently enough. Lawyers, both those who are assigned by the court and those who have been retained, frequently advise their clients to plead guilty, if upon a scrutiny of the case they reach the conclusion that there is no defense. They do so in the hope of placing their clients in a better position to receive leniency, since the fact that the defendant pleads guilty is a consideration that the court frequently takes into account in the imposition of sentence. *In this instance, there is no allegation that the defendant was innocent, or that he had any defense. It cannot be said that counsel's advice was unwise. A fortiori it cannot be successfully stated that the representation of counsel was so ineffective as to become a mockery and a farce."* 152 F.Supp. 186 (Emphasis added).

In Scherk's case also there is no allegation of innocence, or of any defense. Here, too, then it would seem that counsel's advice was not unwise.

In this petition Scherk, having pleaded guilty, cannot now impeach that plea by claiming inadequate assistance of counsel unless he can show that it somehow affected the voluntariness or understanding with which he made his plea. The following recitation of what occurred is necessary to ascertain whether counsel's advice and representation was so inadequate as to make defendant's plea of guilty so lacking in understanding that it was involuntarily made.

The transcript of the proceedings on arraignment, plea and sentence in this case shows that the defendant was fully aware of what he was doing at the time of entering his plea. At page 2 it is shown that he had received a copy of the indictment and discussed it with his counsel. At page 4 in a discussion concerning the dismissal of the first count of the indictment held in the presence of the defendant prior to the entry of his plea there appears the statement that each of the counts with which Scherk was charged carried a maximum penalty of twenty-five years, so that Scherk knew the possible penalty which his plea of guilty might incur. Scherk was specifically questioned as to his knowledge and willingness to enter his plea (transcript page 4).

> "THE COURT: You are willing to enter a plea to the second count of this indictment at this time?

> "THE DEFENDANT: That is correct, Your Honor.

> "THE COURT: You understand the nature of the act you are doing now?

> "THE DEFENDANT: Yes.

> "THE COURT: You are certain of that in your own mind?

> "THE DEFENDANT: Yes.

> "THE COURT: And you understand the nature of this proceeding being conducted against you?

"THE DEFENDANT: Yes.  ·

"THE COURT: I know you are ably represented by counsel and I'm not concerned about that, but I want you in your own mind to be able to understand what is occurring.

"THE DEFENDANT: Yes."

Then, after a recess, the Court pronounced judgment and the transcript, page 13, shows:

"THE COURT: I have had an opportunity to review Doctor Poliak's letter and discuss the matter with the probation officer in order to get the background and history of this man, and I have heard from the officer who testified this morning as to the circumstances of the crime, so I am ready to go ahead with pronouncement of judgment and sentence if the defendant wishes to proceed. I want to hear from you, Mr. Livingston, and from him if he has anything to say.

"THE DEFENDANT: I have nothing to say.

" (Thereupon, defense counsel made a statement to the Court.)

"THE COURT: Mr. Scherk, you have indicated you have nothing to say. I think Mr. Livingston has made a rather clear statement for you.

"THE DEFENDANT: *I think he has, too.*"  (Emphasis added)

The proceedings on arraignment, plea and judgment did not occur without considerable background and, in this case, they were followed by an illuminating aftermath. From the record it appears that defendant's second bank robbery occurred on January 17, 1958, (Indictment, Count 2, and Tr. pp. 7 and 8) and that he was arrested on January 18, 1958. (tr. pp. 7 and 8). January 17th was a Friday, and January 18th was a Saturday. On Monday, January 20, 1958, defendant appeared before the nearest United States Commissioner, and was arraigned on a criminal complaint charging him with the bank robberies charged in the indictment. (Commissioner Karesh docket #1452) At that time he was represented by counsel of his own choosing (Commissioner Karesh docket #1452), the same counsel he now claims was inadequate.

On Tuesday, January 21, counsel joined with the United States Attorney in requesting and securing an order for the mental examination of defendant under the provisions of 18 U.S.C. § 4244, (Misc. #8210, and tr. p. 2) and the report of Dr. Poliak made February 1 was made available to counsel and defendant on February 12. (tr. pp. 2 and 3) The indictment was returned February 12, and the arraignment, plea and sentence occurred on February 13. After sentence on February 13 the defendant attempted to escape on that same day, and indictment #36004 was returned on February 19, charging the defendant in two counts with an attempt to escape in violation of 18 U.S.C. § 751, and assault in violation of 18 U.S.C. § 111. On March 5 defendant appeared for arraignment, plea and judgment on indictment #36004, represented by the same retained counsel who had represented him in indictment #35992, at which time count 2 of indictment #36004 was dismissed, defendant entered a plea of guilty to count 1, and was sentenced to a term of imprisonment of one year to run consecutively to the sentence imposed on the bank robbery charge. At that time defendant made no objection to or complaints about representation of counsel in either case. (See transcript of sentence in #36004).

In his present petition defendant says that his retained counsel was selected for him by his uncle who was also an attorney (petition pp. 2 and 3), and he also says that he (defendant) pleaded with counsel to raise the questions of illegal search and seizure, illegal arrest, and being held incommunicado for an unreasonable length of time before being taken before the Commissioner, which counsel refused to do. (Petition p. 3). Defendant further states, "the very fact that he induced petitioner to plead guilty

on the word of the U. S. Attorney, and the adverse publicity of newspapers, without listening to petitioner, is gross neglect and transparent error on the part of counsel * * *." and, "Not only did he use the friendship of petitioner's uncle as a leverage to induce petitioner's guilty plea, but he was not skilled in federal *criminal law* but rather in civil matters." (Emphasis by petitioner). (Petition p. 4).

The gist of petitioner's contentions is that he was induced to plead guilty by counsel even though both petitioner and counsel knew of petitioner's claim that his constitutional rights had been violated and that therefore counsel was inadequate. What petitioner overlooks is what counsel did do for him and the apparent soundness of counsel's judgment assuming petitioner's claims of constitutional infringement to be true. Petitioner does not assert he was innocent, or that he told counsel he was innocent. On the contrary, he asserts that his guilt or innocence is not an issue. (Traverse, p. 7) Counsel had the problem of advising petitioner whether to risk trial on two bank robbery charges, each carrying a possible maximum prison sentence of 25 years, or to plead guilty to one count and hope for a lenient sentence on one count. All of petitioner's complaints went to the admissibility of testimony, and there is no claim that the suppression of the allegedly tainted testimony would have produced a different result. In any event, counsel had to give advice quite common to criminal cases as to the better course to follow, and all that is necessary is that the defendant understand his alternatives so that he can make an understanding and voluntary plea. The record in this case makes it abundantly clear that petitioner had that opportunity. It does not require testimony "dehors the record" to establish this point. This was no cursory, indifferent, neglectful course of representation. Both in time expended as indicated by the record (to say nothing of the numerous consultations had by counsel which are not disclosed by the record) and in the result obtained the representation appears to have been thorough and conscientious. The fact that petitioner continued with the same counsel in a subsequent, but related, case confirms the impression that petitioner did not then have any questions about the adequacy of the representation given by counsel, even though petitioner then knew that counsel had failed and refused to raise the constitutional points now raised by petitioner. Finally, the Court cannot ignore its personal appraisal of the quality of the representation given by counsel in this case. The Court previously stated before the issue of adequacy of counsel was ever raised by petitioner:

"He was represented by retained counsel, a man of many years of experience before both state and federal courts in San Francisco, and who by observation and reputation is known to the Judge who heard these proceedings to be able and skilled counsel." (177 F.Supp. 800)

The personal recollection of the judge who heard the proceedings is something which the Court may take into consideration in passing on the question of the adequacy of counsel. Smith, supra; United States v. Springfield, 178 F.Supp. 347 (N.D.Cal.S.D.1959); Navedo Santos v. United States, 305 F.2d 372 (Cir. 1, 1962).

The Court concludes that the record of this case shows that petitioner states no valid ground upon which relief can be granted under section 2255.

Petitioner has also made a motion for a writ of habeas corpus ad testificandum which must also be dismissed.

It is ordered that petitioner's petition to vacate and set aside the sentence in the case entitled United States v. Scherk, No. 35992, in the Northern District of California, Southern Division, be, and the same is, hereby dismissed; and

It is further ordered that petitioner's petition for a writ of habeas corpus ad testificandum be, and the same is, hereby dismissed.