Howard B. CASSELBERRY, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 70–C–144–R.

United States District Court, W. D. Virginia, Roanoke Division.

May 13, 1971.

Kendall M. Barnes, Jr., Fairfax, Va., for plaintiff.

Birg E. Sergent, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and ORDER

DALTON, Chief Judge.

This action involves a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255. The sentences being attacked result from convictions rendered in this court against the petitioner on December 11, 1969 for failing to report for induction into the armed forces and failing to keep his local Selective Service Board advised of his current address. 50 U.S.C. App. § 462. Concurrent indeterminate sentences under the Youth Corrections Act were imposed. 18 U.S.C.A. § 5017(c). Petitioner contends that his conviction for failure to report for induction into the armed forces is invalid under the due process clause of the fifth amendment because he was allegedly ordered to report for induction as a delinquent. Gutknecht v. United States, 396 U.S. 295, 90 S.Ct. 506, 24 L. Ed.2d 532 (1970). He further alleges that both convictions should be vacated on the ground that he was without effective assistance of counsel.

The respondent has filed a motion to dismiss the petition on the basis of certain materials which it has brought to the court's attention. These materials include an affidavit from the attorney who was employed by the petitioner and whose representation is now under attack and an affidavit in the form of a letter from the Executive Secretary of the petitioner's local Selective Service Board. The petitioner has not submitted any rebutting materials or affidavits.

In United States v. Dobie, 429 F.2d 32 (4th Cir. 1970) the United States Court of Appeals for the Fourth Circuit vacated a conviction for failure to report for induction in the armed forces and remanded the case for a determination whether the defendant's induction order was made out of the order of call. If it were determined in this case that the petitioner was ordered for induction out of the order of call, then his conviction would have to be set aside. Enclosed with the letter-affidavit from the Executive Secretary of the Selective Service Board are copies of "delivery lists" which indicate "that registrants younger than subject were routinely being reached and ordered on induction calls in 1968, prior to the call for Aug. 19, 1968." In explanation of this statement, the order of call with respect to age required that the older registrants should be inducted before the younger ones. The letter concludes:

> It is our considered opinion that this registrant's induction was not accelerated. If he had complied with processing requirements he would actually have been selected and ordered for induction before July 30, 1968.

In other words, it appears that the petitioner's induction order was actually delayed rather than speeded up because of his failure to comply with the normal requirements of the Selective Service system. As the respondent suggested in its motion for summary dismissal, the court has delayed considering this information so that the petitioner would have an opportunity to explain it or otherwise to deny its validity or effect. In that the petitioner has not made any response to these materials, the court feels it is appropriate to conclude that the petitioner was not inducted out of the order of call.

Also before the court is the contention that the petitioner was convicted

without the adequate assistance of counsel. It is alleged that counsel failed to examine his client's Selective Service file, failed to have more than two or three conversations with his client, and failed to make any recommendation to his client as to how he should plead at arraignment. In response to these allegations the United States has produced an affidavit from petitioner's trial counsel which states that the attorney interviewed the investigating officer and also examined the Selective Service file.

In considering these allegations and what weight should be given to them, the court is able to recall the events of this trial without difficulty. The petitioner retained an attorney to represent him who is one of the outstanding criminal trial lawyers in this area. That attorney has had extensive experience in the criminal trial field and he is known as giving diligent service to his clients. That attorney was faced with the situation that his client had purposely and without good reason failed to appear at the initially scheduled arraignment and, therefore, was subject to prosecution for that offense. He realized that it was not in his client's interest to be prosecuted on that charge and he believed that mercy could best be attained by admitting guilt rather than fighting the charges in some small hope of acquittal. Although the petitioner has alleged that his attorney did not advise him how to plead, it is clear that he understood the latter's feeling on the matter. The attorney no doubt realized that even a successful defense to the two charges against his client would not prevent a prospective indictment on the offense of failing to appear at arraignment.

Considering all of the circumstances of the situation, the court is unable to believe that the petitioner would have been better served by pleading not guilty to the charges against him and insisting on trial. In viewing with hindsight the petitioner's representation at his trial, it should be noted that the petitioner was sentenced under the relatively mild Youth Corrections Act rather than under the normal procedures for adults and that he was not subsequently presented for indictment on the offense of failure to appear at his arraignment. In addition the transcript of the arraignment shows that the petitioner was advised in open court of his rights and then proceeded to make his pleas of guilty. The court made its customary inquiry into the voluntariness of the pleas and then accepted them as properly made.

As the court remembers the details of this case, the petitioner was represented by a splendid attorney who rendered able service. It is able to say confidently that the petitioner received effective counsel and that he emerged from the serious situation confronting him with relatively good results. The court believes that it is perfectly proper to use its own recollections in considering whether the petitioner's allegations merit a hearing. See Scherk v. United States, 242 F.Supp. 445 (N.D.Cal.), aff'd, 354 F.2d 239 (9th Cir.), cert. denied, 382 U.S. 882, 86 S.Ct. 174, 15 L.Ed.2d 122 (1965). By being able to recall matters not fully demonstrated by the record, such as the effectiveness of counsel, the court is able to place the allegations of the petitioner in perspective with the circumstances which actually existed at the trial.

The court believes that a hearing would not be helpful in reaching its conclusions that the petitioner was not ordered inducted out of the order of call and that he was not denied effective counsel. Accordingly, the petition should be and, therefore, is dismissed.

If the petitioner wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file a notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. The judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.