**John HALL, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 16031.

United States Court of Appeals
Eighth Circuit.

Oct. 7, 1958.

Rehearing Denied Nov. 12, 1958.

John Hall pro se.

Harry Richards, U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before SANBORN, WOODROUGH and VOGEL, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal is taken to reverse a judgment which denied a motion to vacate or correct a sentence of imprisonment for twenty-five years imposed upon appellant on October 22nd, 1954, when he pleaded guilty to armed robbery of a Federal Savings and Loan Association in which the life of the President of the Association was put in jeopardy by the use of a dangerous weapon, all in violation of 18 U.S.C.A. § 2113(a) and (d).

The sentence was imposed by the late Judge Hulen and the motion to vacate or correct it was presented to Judge Weber. Judge Weber properly treated the motion as coming under 28 U.S.C.A. § 2255, considered it upon a review of the record of the case, and made complete findings and conclusions which have been brought here with the order denying the motion.

It is stated in the brief filed by appellant in this Court that " * * * the most substantial question presented by this appeal is whether or not the proper application of Rule 5(a) [Federal Rules of Criminal Procedure, 18 U.S.C.A.] was made [in the proceedings against him]. Petitioner contends that it was not".

That section of the Federal Rules of Criminal Procedure provides that an arrested person shall be taken before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States "without unnecessary delay". Appellant's allegations in his motion, that his "constitutional rights were violated" and "the sentence was imposed in violation of the Constitution and laws of the United States", were related to alleged violations of those provisions of the Rule.

The allegations of fact in the motion were as follows:

"That on or about September 10, 1954, at approximately 3:00 o'clock P.M., defendant's car was compelled to pull over to the curb of a street in the City of St. Louis, Missouri, by an agent of the Federal Bureau of Investigation. That said agent entered the automobile of the defendant and compelled the defendant to drive to the Federal Bureau of Investigation Branch Office at the new Federal Building in the City of St. Louis. Upon arriving there the defendant was placed through four hours of intensive interrogation without legal advice or counsel; that after four hours of interrogation the defendant signed a statement confessing to a crime of robbing a Federal Savings and Loan Company. That subsequently the Federal Bureau of Investigation agent and another unidentified person removed the defendant to the County Jail and the following morning at 8:00 o'clock A.M. the defendant was removed from his cell at the jail and placed in a line up of other persons; that subsequently his finger prints and photograph were taken. The defendant was then returned to his cell where he was left for a period of about five hours before being removed to the City Jail. The defendant was kept at the City Jail for about three hours before being taken before the United States Commissioner where he was charged again without being given legal advice or being advised of his Constitutional rights and then returned to the City Jail."

The record disclosed and the court found that when the appellant appeared before the court below, two attorneys were appointed for him. Thereafter he was present in court with his counsel and was advised of the charge against him and of his rights. He consented that the proceedings should be by information instead of indictment. An informa-

tion sufficiently charging the offense against him was duly filed. Thereafter on October 1, 1954 he was present in court with his counsel and entered a plea of guilty to the information. On the same date he signed an authorization stating that the sum of $3079.00, which was being held as evidence in the prosecution, was "* * * money that I appropriated from Cass Federal Savings and Loan Association and I hereby authorize and direct the Federal Bureau of Investigation or the United States Attorney, or any other Governmental agency or person who has possession of said money, to deliver the same to Cass Federal Savings & Loan Association, the owner thereof". About three weeks later he appeared before the court with his counsel and was sentenced.

We think the ruling of the court denying the motion of appellant to vacate or correct his sentence was without error. The sentence of which he complains was not based upon evidence of a confession he may have made outside of court, but the conviction and sentence under which he is imprisoned followed upon and are based on his plea of guilty which he, in company with his counsel, entered freely and voluntarily—in open court. It is settled by decisions of this Court that "A plea of guilty is not a mere admission of guilt. It is in and of itself a conviction and as conclusive as the verdict of a jury". Woodring v. United States, 8 Cir., 248 F.2d 166, 169, citing: Kercheval v. United States, 274 U.S. 220, 223–224, 47 S.Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 200 F.2d 690, 696. In Edwards v. United States, D.C.Cir., 256 F.2d 707, 709, the Court said:

"It must be realized that this is not a case in which proof of guilt depended upon a trial. In such cases, the accused usually relies to a great extent on counsel to conduct an effective defense, because the accused does not know enough of the law to do so himself. While the accused may have to take the conse-

quences of a poor defense, he may at least say the fault was not his own. But this is not so when he pleads guilty. Here the deed is his own; here there are not the baffling complexities which require a lawyer for illumination; if voluntarily and understandingly made, even a layman should expect a plea of guilty to be treated as an honest confession of guilt and a waiver of all defenses known and unknown. And such is the law. * * *."

In the face of the record of a free and voluntary plea of guilty in open court, the allegations of the motion concerning a confession outside of court presented no cause to vacate or correct the sentence. The cases of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, and Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, cited and relied upon by appellant are not applicable to the facts of this case.

Affirmed.