Major A. EBERHART, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16243.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1958.

Major A. Eberhart, Jr., Steilacoom, Wash., in pro. per.

Robert H. Schnacke, U. S. Atty., John H. Riordan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS, Chief Judge, and BONE and ORR, Circuit Judges.

STEPHENS, Chief Judge.

This is an appeal from the denial of a motion under Title 28 U.S.C. § 2255 to vacate and set aside a judgment of conviction.

Eberhart, the petitioner, was convicted in the United States District Court for the Northern District of California for two violations of Title 21 U.S.C.A. § 174, concealment of narcotics and sale of narcotics. He did not appeal from the judgment of conviction. Thereafter, he filed in the District Court a motion to vacate and set aside judgment pursuant to Title 28 U.S.C. § 2255, which was denied.

Eberhart makes the following allegations as to the circumstances of his arrest and trial. He claims that on June 22, 1957, the date the violations for which he was convicted occurred, one Ambrose came to his apartment to pay the sum of $360 which was payment of an old debt Ambrose owed to Eberhart. Fifteen minutes later, the federal narcotic agents entered the apartment without a search warrant, seized the money from petitioner's person (the money was marked) and searched the apartment.

Failing to find anything there, the agents searched the basement of the apartment house over which Eberhart had no control and found a package containing narcotics which he denied owning. He was not arrested until eleven days later.

Petitioner presents three contentions in the present proceedings. The first one is that the Government used evidence (the narcotics and money) obtained by an illegal search and seizure.

■■■ Assuming for the moment, that the money or the narcotics used as evidence was obtained illegally,[1] this contention should have been urged at the trial and on appeal and cannot be used in a habeas corpus or § 2255 proceeding. Price v. Johnston, 9 Cir., 125 F.2d 806, certiorari denied 316 U.S. 677, 62 S.Ct. 1106, 86 L.Ed. 1750; Barber v. United States, 10 Cir., 197 F.2d 815; United States v. Scales, 7 Cir., 249 F.2d 368. The reception of illegally obtained evidence would be trial error which should be challenged on appeal if known by the defendant during the trial.

Another grievance presented by Eberhart is that the warrant for his arrest charged him with the concealment of narcotics only. He claims that he was not informed of the additional charge against him of the sale of narcotics until he was brought to trial and therefore did not have the opportunity to defend against this charge.

■■ The record, however, indicates there is no basis for his claim. Eberhart was arraigned on July 19, 1957, over two months before trial, and at that time he was given a copy of the indictment which charged him with both violations.

■■ Petitioner's final contention is that the Government was required to produce Ambrose as a witness and the failure to do so violated the constitutional right of the accused to be faced by his accuser. Ambrose, according to petitioner, visited Eberhart's apartment and gave petitioner $360 in marked currency. But the failure of the Government to produce an informer or other person as witness does not violate the defendant's rights. Curtis v. Rives, 75 U.S.App.D.C. 66, 123 F.2d 936; Dear Check Quong v. United States, 82 U.S. App.D.C. 8, 160 F.2d 251. The Government has no duty to place on the witness stand every person with some knowledge of the circumstances. Curtis v. Rives, supra.

It is apparent that there is no merit to Eberhart's contentions and that they are frivolous. The appeal is dismissed.

---

1. As to the narcotics, it is doubtful whether an objection to their introduction as evidence would be good. The guarantee of the Fourth Amendment against unreasonable searches and seizures is personal and can be raised only by one who claims ownership of possession of or connection with the premises searched or the property seized. Lovette v. United States, 5 Cir., 230 F.2d 263. Eberhart has denied any such ownership, possession or connection.