**Frank THOMAS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17203.**

United States Court of Appeals Ninth Circuit.

May 23, 1961.

Frank Thomas, in pro. per.

Charles P. Moriarty, U. S. Atty., and James F. McAteer, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, ORR and HAMLEY, Circuit Judges.

PER CURIAM.

In September, 1956, appellant Frank Thomas was indicted in the western district of Washington on a charge of receiving and concealing illegally imported narcotics. Appellant retained counsel and pleaded not guilty. However, during the trial in February, 1957, appellant withdrew his plea of not guilty after one-half day of trial and entered a plea of guilty. He was sentenced to ten years in the penitentiary. More than three years thereafter appellant filed with the District Court for the Western District of Washington a Motion to Vacate and Set Aside Sentence pursuant to 28 U.S. C. § 2255. The basis of the motion is that appellant was illegally searched on his own private property by state police officers who had no warrant and no probable cause for such a search; the search resulted in the finding of heroin and led to appellant's arrest and indictment. The motion was denied by the district court.

The trial court's action in denying the motion was not erroneous. By his plea of guilty appellant foreclosed his right to raise objections to the manner in which evidence upon which he was indicted was obtained. This evidence, because of his guilty plea, was not used against him. Had he stood trial his objection to its introduction, if made and overruled by the trial court, could have been raised on appeal. Under the circumstances he may not belatedly raise the contention under 28 U.S.C. § 2255. Eberhart v. United States, 9 Cir., 1958, 262 F.2d 421. Appellant was represented in the trial court by counsel of his own choosing. He changed his plea from not guilty to guilty, it must be presumed, with full knowledge of the facts and of the consequences thereof because of his representation by counsel. As a matter of fact appellant had two attorneys representing him at the time he changed his plea. When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all nonjurisdictional defenses, including the defenses raised by this motion. Hall v.

United States, 8 Cir., 1958, 259 F.2d 430; Edwards v. United States, 1955, 103 U.S.App.D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 1949, 176 F.2d 122. The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. United States v. French, 7 Cir., 1960, 274 F.2d 297; United States v. Sturm, 7 Cir., 1950, 180 F.2d 413; Kinney v. United States, 10 Cir., 1949, 177 F.2d 895.

Affirmed.