Edward R. HEISLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18366.

United States Court of Appeals Ninth Circuit.

July 16, 1963.

**642**

Robert Baronsky, Marc A. Franklin, Stanford School of Law, Stanford, Cal., for appellant.

Cecil F. Poole, U. S. Atty., James Hewitt, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Under Title 28 U.S.C. § 2255, appellant seeks to have vacated judgment of conviction and imposition of sentence based upon a plea of guilty of the crime of conspiring to make and possess counterfeiting paraphernalia. Motion was made to the District Court for the Northern District of California, Southern Division, and was denied by that court. This appeal followed.

Appellant's contention, as here presented, is that he did not make an intelligent and understanding plea of guilty, since he had a complete defense about which he was ignorant at the time he pleaded: the defense that the counterfeiting paraphernalia involved was obtained by unlawful search and seizure.

The district court did not reach the merits of this contention. It was dealt with as follows:

"Petitioner's remaining contention, that his plea of guilty was induced by coercion, duress and mismanagement of counsel, would raise an issue properly determinable in a section 2255 proceeding upon an adequate presentation * * *.

"Petitioner's allegations as they are now stated, however, are bare and conclusionary to the extreme. Petitioner has failed to state sufficient facts which may aid this court to determine its duty with respect to the contention * * *.

"The court, therefore, denies petitioner's motion. But, with respect to this last contention, it does so without prejudice to renewal in supplemented form at some future date, if petitioner feels himself so advised."

This 2255 motion was presented to the district court by appellant in propria persona. Appellant, now represented by legal counsel, contends that the petition was adequate, and that to hold otherwise is to deal in too demanding a fashion with a layman's product.

We agree with the district court.

■■ Appellant's counsel may well be correct in his interpretation as to what appellant, by the conclusionary language of his petition, meant to imply had occurred between himself and his then counsel with reference to his guilty plea. If this be appellant's meaning, however, in our judgment it is not demanding too

much of him to ask that he take the responsibility of coming right out and saying so in a recital of facts which could then be judged as to their legal consequences and, if a hearing be deemed proper, could then be put to the test as to their truth.

In this respect the district court has not yet closed the door on the appellant.

Affirmed.