Joseph **RUIZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18897.

United States Court of Appeals
Ninth Circuit.
Jan. 16, 1964.

Joseph Ruiz, in pro. per.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief of the Criminal Section, and George C. McCarthy, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY and DUNIWAY, Circuit Judges, and THOMPSON, District Judge.

HAMLEY, Circuit Judge.

Joseph Andy Ruiz appeals from an order denying what purported to be an application for a writ of habeas corpus.

■ Ruiz is a federal prisoner and has not alleged facts establishing that the remedy by motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. Under these circumstances, and as provided in the last paragraph of section 2255, the district court was without jurisdiction to entertain an application, on behalf of Ruiz, for a writ of habeas corpus. But since the application was filed in the court which imposed the sentence upon Ruiz, and which was therefore authorized to entertain a motion under section 2255, we will regard his application as such a motion.

On June 21, 1961, Ruiz pleaded guilty to a count of an indictment charging that, on or about April 12, 1961, he sold to Manuel Diaz a quantity of marihuana, in violation of 21 U.S.C. § 176a.[1] On July 17, 1961, a judgment of conviction was entered on the plea of guilty, and a sentence of five years' imprisonment was imposed.

On July 11, 1963, the motion now before us was filed. It was denied on the court's own motion and without hearing. Under section 2255, a district court is entitled to take such action if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

■ The principal ground for relief advanced in the motion was that section 176a is unconstitutional because in order to avoid violating that section a person charged thereunder would have had to incriminate himself in contravention of the Fifth Amendment. More specifically, Ruiz argues, in effect, that had he complied with certain other statutory provisions, the marihuana would have been lawfully imported; that compliance with these provisions would have been self-incriminating; and that therefore he was actually convicted of failing to incriminate himself.

Assuming that Ruiz could have assured lawful importation of the marihuana, the steps necessary to do this would not be incriminating because they would disclose only lawful conduct. In effect, then, he was not convicted for failing to report unlawful conduct. Russell v. United States, 9 Cir., 306 F.2d 402, relied upon by Ruiz is not in point for Russell was convicted for failure to make known to authorities that he was in unlawful possession of a firearm. Ruiz has not been convicted for failure to supply information concerning past unlawful acts.

■ Ruiz bases some argument upon that part of section 176a which provides that proof of possession of the narcotics shall be deemed prima facie evidence of a violation of the section. While we fail to see how this provision can have any significance with regard to the self-incrimination argument, it is in any event immaterial here. Ruiz was convicted on a plea of guilty and the statutory presumption was not applied.

1. Section 176a, which is section 2(h) of the Narcotic Drugs Import and Export Act, 42 Stat. 596, as amended by section 106 of the Narcotic Control Act of 1956, 70 Stat. 570, reads in pertinent part:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *

"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

"As used in this section, the term 'marihuana' has the meaning given to such term by section 4761 of the Internal Revenue Code of 1954."

We hold that, insofar as the question of self-incrimination is concerned, the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

We reach the same conclusion with regard to the other grounds advanced in the motion, relating to use of informers, entrapment, and conspiracy. Proper use may be made of informers in obtaining evidence of violations of the narcotic laws. The question of whether there was improper use of informers in this case is not open to Ruiz on this motion because he pleaded guilty. This is also true with regard to the question of entrapment. See Thomas v. United States, 9 Cir., 290 F.2d 696. Count III, to which Ruiz pleaded guilty, did not charge a conspiracy.

The judgment is affirmed.