**George Edward HOFFMAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 18809.

United States Court of Appeals
Ninth Circuit.

Jan. 29, 1964.

George E. Hoffman, in pro. per.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of California denying appellant's petition for release under 28 U.S.C. § 2255, from the United States Penitentiary at Leavenworth, Kansas.

Appellant sought to challenge the judgment of that district court, and his previous sentence, on the ground there had been an illegal search of, and illegal seizure of certain evidence in, his premises in San Francisco, after police had interrogated a co-defendant in Sacramento, California.

We quote from the order below denying the petition:

"The record in the several cases referred to in the title of this order

discloses that petitioner and his co-defendant appeared in the United States District Court before Judge Carter on February 11, 1960, accompanied by retained counsel, one Frank S. McGorty. After arraignment the matter was continued for one week for entry of plea. On February 18, 1960, both defendants entered a plea of guilty to the first count of an indictment charging counterfeiting and forgery. The remaining counts were dismissed. Sentence was delayed at the behest of defendants in order that they might enter pleas of guilty to several indictments which were outstanding in other districts in the United States.

"Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, indictments from Colorado, Georgia and Florida were transferred to this district, where they received Nos. 37151, 37107 and 37168. On April 6, 1960, Hoffman accompanied by his counsel, appeared for judgment. He received a total sentence of ten years under the several indictments to which he entered pleas of guilty before this court.

▪ "In the light of the record, which discloses that petitioner and his co-defendant were represented in this court by counsel of their own choosing at all stages of the proceedings were advised of their rights and determined to enter pleas of guilty to the several indictments outstanding, the question of illegal search and seizure is irrelevant and is, in fact, completely removed from three of the four indictments filed against the petitioner in the districts other than that in which the pleas were entered and judgments were imposed. * * *"

Appellant is confined for a period of five years, by reason of sentence imposed on him on April 6, 1960—a result of his plea of guilty to the Colorado indictment (No. 37151); five years *consecutive thereto* (or a total of ten years) by reason of his plea of guilty to the Georgia indictment (No. 37107); five years by reason of his plea of guilty to the Florida indictment (No. 37168), concurrent to his original sentence of five years, and finally, five years, concurrent to his Colorado sentence, by reason of his guilty plea to the California indictment (No. 37075).

Appellant does not question the validity of his confinement under the first three sentences mentioned, i. e., the Colorado, the Georgia or the Florida indictments and sentences.

Thus we do not reach the question whether in a § 2255 proceeding, a criminal defendant may question the search and seizure of evidence illegally obtained. See Gaitan v. United States, 10 Cir. 1963, 317 F.2d 494, 495. Even were we to assume he could question it in such proceedings as he has here filed, it would avail him nothing so long as he had his other sentences to serve.

Further, in two recent cases we have passed upon the effect of a previous plea of guilty upon subsequent § 2255 proceedings.

▪ In Thomas v. United States, 9 Cir. 1961, 290 F.2d 696, 697, motion for leave to file petition for writ of certiorari denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed. 2d 401, we said:

"When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses, including the defenses raised by this motion.[1] Hall v. United States, 8 Cir., 1958, 259 F.2d 430; Edwards v. United States, 1955, 103 U.S.App.D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 1949, 176 F.2d 122. The conviction and sentence which follow a plea of guilty are based solely and entirely upon said plea and not upon any evidence which may have been

---

[1] Objections to the manner in which evidence upon which he was indicted had been obtained, i. e., an alleged illegal search without warrant and without probable cause.

improperly acquired by the prosecuting authorities [citing cases]."

In Ruiz v. United States, 9 Cir., 1964, 328 F.2d 56, we held the same principle applied to § 2255 motions where the ground for release was the alleged improper use of informers, or the theory of unlawful entrapment. And see the unpublished opinion in Heisler v. United States, Crim.No. 38264, of District Judge Sweigert of the Northern District of California, dated October 1, 1962, affirmed on other grounds, 321 F.2d 641.

The order denying appellant's release under 28 U.S.C. § 2255 is affirmed.