**Roland B. ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19376.**

United States Court of Appeals
Ninth Circuit.

Nov. 24, 1964.

Roland B. Anderson, in pro. per.

Sidney I. Lezak, Acting U. S. Atty., Donal D. Sullivan, Asst. U. S. Atty., Portland, Or., for appellee.

Before MERRILL, DUNIWAY and BASTIAN, Circuit Judges.

DUNIWAY, Circuit Judge.

Anderson appeals from an order denying his motion to set aside his conviction (28 U.S.C. § 2255). On July 17, 1963, he pled guilty to the second count of a six-count indictment. It charged that, on February 6, 1963, he "did unlawfully, knowingly, wilfully and feloniously sell, dispense and distribute a quantity of a narcotic drug, to wit: Demerol, not in the original stamped package and not from the original stamped package; in violation of Section 4704(a) of Title 26, United States Code; Penalty, Section 7237, Title 26, United States Code." The other five counts were dismissed.

Anderson's motion to set aside his conviction was filed on March 26, 1964. It asserts three grounds: (1) he was en-

trapped by a paid informer; (2) he was misinformed as to the facts of the case, in that (as appears solely from his brief in this court) his retained counsel did not tell him that the government would have to show criminal intent; (3) his counsel told him that if he went to trial and attacked the conduct and character of the informer, thus destroying the latter's usefulness to the government, he would get from 5 to 10 years on each count, but that if he pled guilty to one count "he would receive a suspended sentence and a period of 2 years of such would be reccomended [sic] to the court." No recommendation was made, and he was sentenced to three years, "to become eligible for parole at such time as the Board of Parole shall determine."

■■ 1. A conviction on a plea of guilty is based upon the plea, not upon evidence that might have been offered at a trial. Thomas v. United States, 9 Cir., 1961, 290 F.2d 696. The question as to whether Anderson was entrapped could have been decided at a trial and reviewed upon appeal. It is not available in a proceeding under section 2255, either after trial, (Stanley v. United States, 9 Cir., 1957, 239 F.2d 765); or after a plea of guilty, (Ruiz v. United States, 9 Cir., 1964, 328 F.2d 56; see also Hoffman v. United States, 9 Cir., 1964, 327 F.2d 489). The first ground asserted in the motion is without merit.

■ 2. The principles applied in the cases cited also dispose of the second ground. We note, too, that the count to which Anderson pled guilty charged him with acting "knowingly, wilfully and feloniously," as did the comparable count of the first indictment hereafter referred to. Anderson read it, as is established by the record. He so stated in open court. He also signed a petition to enter a plea of guilty, in which he stated: "I have received a copy of the indictment before being called upon to plead, and have read the indictment and discussed it with my attorney and fully understand every charge made against me in this case." His counsel certified to the same effect.

3. The third ground requires the recital of a little history. Anderson was first indicted on 9 counts on April 23, 1963. Counts 1 to 3 relate to an incident occurring on February 6, 1963, charging violation of 26 U.S.C. § 4705(a) in count 1, of § 4704(a) (purchase) in count 2, and of § 4704(a) (sell, dispense and distribute) in count 3. Count 3 is identical to count 2 of the second indictment, to which Anderson ultimately pled guilty. Counts 4 to 6 and 7 to 9 are similar to counts 1 to 3, except as to dates, February 11 and 12, respectively.

On May 24, Anderson, with retained counsel, was arraigned, pled not guilty to all nine counts, and had his bail reduced. The matter was set for trial the week of June 17. On June 4, counsel moved for, and on June 12, obtained a bill of particulars. On June 18, in open court, Anderson withdrew his plea of not guilty, as to count 3, and pled guilty to that count. Counts 1, 2 and 4–9 were dismissed. He also signed a petition like the one that we have mentioned. In the petition, he stated that he knew that the maximum penalties were ·10 years and $20,000 fine. He further stated that no officer or agent of any branch of government, federal, state or local, had made any promise or suggestion that he would receive a lighter sentence, or probation, if he pled guilty. In spite of the foregoing, Anderson withdrew his plea on July 20. He says that he did so because he had been promised by his counsel, before the plea, that he would get a suspended sentence, but was told by his counsel, after his plea, that he might get a jail sentence. He then telephoned to the judge, and was permitted to plead not guilty.

■ Because the other counts had been dismissed, the matter was re-referred to the grand jury, which returned a new, six-count indictment on July 10. It made the same charges as were set out in counts 1, 3, 4, 6, 7 and 9 of the original indictment. On July 17, Anderson pled guilty to count 2, again signing the same form of petition, and his counsel signing the same form of certificate.

Count 3 of the first indictment was then dismissed, and after he was sentenced, the remaining five counts of the new indictment were dismissed. When Anderson was to be sentenced the court asked him whether he had anything to say, and he answered: "No, sir." Thus the record demonstrates that when he pled the second time, he had previously learned that he could get a jail sentence, whatever he might have been told. His third ground is without merit. (Cf. Swanson v. United States, 8 Cir., 1962, 304 F.2d 865; Verdon v. United States, 8 Cir., 1961, 296 F.2d 549; Georges v. United States, 5 Cir., 1959, 262 F.2d 426.)

Affirmed.