Andrew **BROWN**

v.

**UNITED STATES of America.**
Misc. A. No. 1188–B.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 10, 1965.

———◆———

Andrew Brown, in pro. per.

Louis C. LaCour, U. S. Atty., John C. Ciolino, Asst. U. S. Atty., New Orleans, La., for the Government.

FRANK B. ELLIS, District Judge.

Petitioner was defendant in Criminal Action #28730 of this Court. He therein entered pleas of guilty to two counts of an indictment charging him with violations of narcotic laws, 21 U.S.C. § 174 and 26 U.S.C. § 4724. At the time he was represented by competent, experienced counsel, and the transcript of the proceedings clearly indicates that he was advised of his rights and entered the plea knowingly. In addition, one of the arresting officers testified as to the details of the arrest and the probable cause that existed for their arresting defendant. No objections were raised as to his testimony, nor was any cross-examination conducted. Concurrent five year sentences were imposed on September 26, 1962 and this motion to vacate the sentence was then filed February 15, 1965. In support of this motion, and even though he knowingly entered these pleas of guilty with the assistance of counsel, petitioner alleges "he was subjected to an unreasonable and illegal search and seizure [and] therefore the evidence upon which the plea rests was inadmissible in a federal Court."

The jurisprudence is overpoweringly to the effect that once a defendant knowingly enters a plea of guilty he can no longer assert the proposition here presented by motion under 28 U.S.C. § 2255. This rule is succinctly set forth in Thomas v. United States, 290 F.2d 696 (9 Cir. 1961), certiorari denied, 368 U.S. 964, 82 S.Ct. 446, 7 L.Ed.2d 401 (1962):

"The basis of the [28 U.S.C. § 2255] motion is that appellant was illegally searched on his own private property by state police officers who had no warrant and no probable cause for such a search; the search resulted in the finding of heroin and led to appellant's arrest and indictment.

\* \* \* \* \* \*

"When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses, including the defenses raised by this motion. Hall v. United States, 8 Cir., 1958, 259 F.2d 430; Edwards v. United States, 1955, 103 U.S.App.D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 1949, 176 F.2d 122." 290 F.2d at p. 697.

See also: Hoffman v. United States, 327 F.2d 489 (9 Cir. 1964); Sullivan v. United States, 315 F.2d 304 (10 Cir. 1963), certiorari denied, 375 U.S. 910, 84 S.Ct. 203, 11 L.Ed.2d 149, rehearing

**42**

denied, 376 U.S. 928, 84 S.Ct. 669, 11 L.Ed.2d 628 (1964); Sweptson v. United States, 289 F.2d 166 (8 Cir. 1961), certiorari denied, 369 U.S. 812, 82 S.Ct. 689, 7 L.Ed.2d 612 (1962).

The authorities cited by petitioner in his memorandum are not in point since they refer, generally, to the issue of search and seizure. Therefore, petitioner's request for a hearing and motion to vacate his sentences must be respectfully denied.