James Raymond **ALAWAY**, Petitioner,

v.

**UNITED STATES of America,**
Respondent.

No. 67–1466.

United States District Court
C. D. California.

Feb. 21, 1968.

James Raymond Alaway, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief of Criminal Div., and Gerald F. Uelmen, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

HAUK, District Judge.

Petitioner, James Raymond Alaway, a prisoner at the United States Penitentiary at McNeil Island, is here upon motion to vacate his judgment of conviction for selling marihuana, pursuant to Section 2255 of Title 28, United States Code.[1] He appears in propria persona.

Allowed to proceed in *forma pauperis,* Alaway seeks to vacate the judgment of conviction upon the following grounds: (1) that the defense of entrapment is available to him; (2) that his arrest was illegal; (3) that the search made inci-

---

1. 28 U.S.C. 2255:

"§ 2255. *Federal custody; remedies on motion attacking sentence*

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, deter-

dent to his arrest was illegal; (4) that the indictment was defective; (5) that he was denied the effective assistance of counsel; (6) that his plea of guilty was made under duress and coercion; (7) that the use of a prior conviction in determining the sentence was improper; (8) that he was not informed of his right to produce character witnesses or letters of reference at the time of sentence; (9) that federal agents made false statements to the probation officer; (10) that he was not informed that statements made to the probation officer would be used against him; (11) that he was denied access to the probation report; and (12) that he was not informed of his right to appeal.

## FACTS AND PROCEEDINGS CONCLUSIVELY SHOWN BY FILES AND RECORDS

A complaint filed with the United States Commissioner on December 12, 1966 by the Federal Bureau of Narcotics charged that on or about October 5, 1966 petitioner Alaway, with the intent to defraud the United States, knowingly sold to Lawrence L. Lusardi, Agent of the Federal Bureau of Narcotics, 4,239.20 grams of marihuana which had been imported and brought into the United States contrary to law. On the day the complaint was filed, the Commissioner issued a warrant of arrest, which was executed by Alaway's arrest on December 13, 1966. Alaway was immediately brought before the Commissioner and committed to the Los Angeles County Jail where he remained until he posted bond in the amount of $5,000 on January 11, 1967.

On the same day that he posted bond, a seven count Indictment was returned by the Federal Grand Jury [2] charging Alaway with the concealment, transportation and sale of marihuana, in violation of 21 U.S.C. § 176a,[3] and with the illegal

mine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

2. Indictment No. 180–CD, filed January 11, 1967, United States District Court, Central District of California.

3. 21 U.S.C. § 176a.
 "§ 176a. *Smuggling of marihuana; penalties; evidence; definition of marihuana*

 Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana, which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned for not less than ten or more than forty years and, in

transfer of marihuana, in violation of 26 U.S.C. § 4742(a).[4]

Following arraignment before this Court on January 30, 1967, petitioner appeared on February 6, 1967 and, after conferring with his retained counsel, B. Allen Millstone, he entered a plea of not guilty to all Counts of the Indictment. Subsequently, on February 27, 1967, the Court heard Alaway's motion to suppress certain evidence, which was continued to the date of trial, and his motion for a bill of particulars, which was granted in part and denied in part.

Petitioner again appeared before this Court on April 10, 1967, and, through his counsel, moved for a change of plea:

"THE CLERK: No. 2 on the calendar. Case No. 180-Criminal, United States v. James Allaway.

"MR. UELMAN: Gerald Uelman appearing for the Government.

"MR. MILLSTONE: There is a change of plea in that matter, your Honor.

"THE COURT: All right.

"In this case there has been a plea of not guilty as to a seven-count indictment, No. 180.

"MR. MILLSTONE: Change of plea as to Count 2, your Honor.

"THE COURT: All right.

"Let me ask the defendant, your true name is James Alaway?

"THE DEFENDANT: Yes, sir.

"THE CLERK: Spelled with one 'l'?

"THE DEFENDANT: One 'l'.

"THE CLERK: A-l-a-w-a-y.

"You are charged in Count 2 of Indictment No. 180 under the name James Allaway, with two 'l's', A-l-l-a-w-a-y. Your true name is James Alaway, with one 'l'; is that correct?

"THE DEFENDANT: Yes, sir.

"THE COURT: Do I understand that you desire to enter a new and different plea to Count 2?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are charged in Count 2 with violation of 21 U.S.Code, Section 176a, that on or about October 5, 1966, in Los Angeles County, Central District of California, with intent to defraud the United States you knowingly sold to Agent Lawrence Lusardi of the Federal Bureau of Narcotics, and an undercover assistant of the Federal Bureau of Narcotics 4,424.350 grams of marihuana, which marijuana you knew had theretofore been imported and brought into the United States contrary to law. Do you understand that?

"THE DEFENDANT: Yes, Sir.

"THE COURT: Does the defendant have a copy of the Indictment?

"THE DEFENDANT: Yes.

"THE CLERK: Does he desire a reading of the charge again at this time?

"MR. MILLSTONE: No.

"THE COURT: The charge in Count 2, are you ready to enter your plea as to Count 2, Mr. Alaway?

"THE DEFENDANT: Yes, sir.

"THE COURT: To Count 2 of this Indictment No. 180, the charge which

addition, may be fined not more than $20,000.

Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury.

As used in this section, the term 'marihuana' has the meaning given to such term by section 4761 of the Internal Revenue Code of 1954."

4. 26 U.S.C. § 4742(a).
"§ 4742. *Order forms*
(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate."

# 330

I just read to you, how do you at this time plead, guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Have you discussed the facts and circumstances of the offense with your attorney?

"THE DEFENDANT: Yes.

"THE COURT: Has he explained to you the maximum sentence the court may impose?

"THE DEFENDANT: Yes, sir.

"THE COURT: What is it?

"THE DEFENDANT: 40 years.

"MR. UELMAN: There is a prior conviction which will be filed with the court prior to sentencing.

"THE COURT: Is this 20 or 25—

"MR. UELMAN: It is 10 to 40, your Honor, on the second conviction.

"THE COURT: What section?

"MR. UELMAN: 176a.

"THE COURT: All right.

"10 to 40 years or $20,000 fine, or both.

"THE DEFENDANT: Yes, sir.

"THE COURT: Have you been given any promise of reward or special treatment?

"THE DEFENDANT: No.

"THE COURT: Any threat of coercion used against you in connection with this plea?

"THE DEFENDANT: No.

"THE COURT: Then this plea is your free and voluntary act?

"THE DEFENDANT: It is.

"THE COURT: You are pleading guilty because you committed the offense and for no other reason?

"THE DEFENDANT: That's right.

"THE COURT: Do you feel all right today?

"THE DEFENDANT: Yes.

"THE COURT: You are not under the influence of any drugs or narcotics?

"THE DEFENDANT: No.

"THE COURT: The court will find you convicted upon your plea of guilty and set probation hearing and sentencing." (Rep.Tr., Apr. 10, 1967, pp. 4–7.)

When the petitioner appeared for sentencing on May 1, 1967, the Court questioned him about the information regarding a prior conviction which had been filed:

"THE COURT: Are you the same James Alaway that is named in this Indictment?

"THE DEFENDANT: Yes, sir, your Honor.

"THE COURT: There has been filed before this court an Information Re Prior Conviction of Defendant James Alaway, which alleges that on or about —by the way, you have an attorney, do you not?

"MR. MILLSTONE: Alan Millstone for the defendant.

"THE COURT: Mr. Millstone.

"Is he your retained attorney?

"THE DEFENDANT: Yes, sir.

"THE COURT: Is it true that on or about the 3rd day of February, 1954, you appeared as defendant in Case No. 23367, wherein you had theretofore entered a plea of guilty to Counts 1 and 5, the importation, concealment and transportation and concealment of a certain narcotic drug, namely, heroin, and at that time, on February 3, 1954, you, having, as I said, pled guilty to Counts 1 and 5 of that Indictment, were duly sentenced by the United States District Court for the then Southern District of California for a period of five years and ordered to pay a fine of $100 in Count 1 and the sentence to run concurrently with the sentence in Count 5.

"Are you the same James Alaway?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are. All right.

"The court, upon your admission, will find that you have previously been convicted of the same crime for which

you are now before this court. (Rep. Tr., May 1, 1967, pp. 5–7)

Before passing sentence, the Court inquired of the petitioner:

"THE COURT: Upon conviction upon your plea of guilty as to Count 2 in Case No. 180–CD, this is the time for sentencing. Is there anything you desire to say before the court passes sentence?

"I have read the probation report and considered it.

"Do you have anything to say, you or your counsel?

"MR. MILLSTONE: Mr. Alaway has been a victim of unfortunate circumstances beginning at a very young age, which has led him on a path of getting involved in one minor offense after another, leading to the prior and the present offense.

"Certainly Mr. Alaway after his apprehension was permitted out on bond. He completely cooperated with the federal authorities and the revenue agents, completely cooperating in any and every way possible.

"Certainly it is one of those situations where he wished he could reverse time and change the situation as it exists, but he is presently before the court and we respectfully request the court's consideration in this matter.

"THE COURT: Is there anything by the defendant? Do you desire to say anything?

"THE DEFENDANT: No, your Honor. (Rep.Tr., May 1, 1967, pp. 7–8)

In the Presentence Report the Probation Officer gave the petitioner's "Version of Offense":

"The defendant admits his guilt in the offense charged against him, and relates that 'I was asked several times to do this friend a favor and get him some marihuana. At this time he was under a sales charge to a Federal Narcotics Agent and was working as an undercover informant for the purpose, I believe, of receiving a lesser charge on his offense. Regardless of the circumstances, I did in fact obtain this drug for the informant and was arrested for this offense two months later. I realize this offense carries a minimum sentence of ten years without the benefit of parole. I am a second offender. I also blame no one but myself for this present trouble I am in and I appreciate any consideration given to me concerning this matter.'" (Presentence Report, pp. 2–3).

Taking into consideration the conviction on Count 2 of the Indictment, the admission to a prior conviction for the same offense, and the Presentence Report, the Court committed Alaway to the custody of the Attorney General for imprisonment for a period of 20 years. In passing sentence the Court also ordered that Alaway be eligible for parole after serving one-third of the sentence. Upon motion of the Government, the dismissal of Counts 1, 3, 4, 5, 6, and 7 of the Indictment was ordered. (Rep.Tr., May 1, 1967, pp. 8–9; Judgment, May 1, 1967.)

\* \* \* \* \* \*

## PETITIONER'S FIRST CONTENTION

*That the defense of entrapment is available.*

Petitioner alleges that entrapment is available as a defense to Counts 1, 2 and 3 of the Indictment relating to the transfer of 4,424.350 grams of marihuana on October 5, 1966.

It is clear, however, that the defense of entrapment is not available in a proceeding under 28 United States Code, Section 2255, to set aside a conviction, either after trial or after a plea of guilty. Anderson v. United States, 338 F.2d 618, 619 (9th Cir. 1964), citing and relying upon Ruiz v. United States, 328 F.2d 56, 58 (9th Cir. 1964), Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961), and Stanley v. United States, 239 F.2d 765 (9th Cir. 1957). The question as to whether the petitioner was entrapped is a matter that could have been decided at a trial and reviewed upon appeal, but it is not open to him in a pro-

ceeding under Section 2255 in view of his plea of guilty. Ruiz v. United States, supra, 328 F.2d at 58. Accordingly, the first ground asserted in the motion is without merit.

## PETITIONER'S SECOND, THIRD AND FOURTH CONTENTIONS

*That the arrest was illegal, that the search made incident to the arrest was illegal, and that the Indictment was defective.*

█ The Ninth Circuit, by whose rulings we are bound, has repeatedly asserted its adherence to the general principle that convictions which follow pleas of guilty are based solely and entirely upon the pleas entered, not upon any evidence which may have been previously acquired. Norris v. Wilson, 378 F.2d 324, 326 (9th Cir. 1967); Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965); Davis v. United States, 347 F.2d 374, 375 (9th Cir. 1965); Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964); Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961); Eberhart v. United States, 262 F.2d 421, 422 (9th Cir. 1958). In rendering its opinion in Hardee v. Wilson, 363 F.2d 848 (9th Cir. 1966), the court recently stated, p. 849:

> "At the time of the trial, appellant, represented by private counsel of his choice, pleaded guilty. Thus, because of his plea of guilty made when represented by counsel, the appellant stands convicted, not because of a confession or statement, but by reason of his plea alone. This forecloses any collateral attack. * * *"

█ Thus, for the reason that any collateral attack is foreclosed, the following grounds asserted by the petitioner are not cognizable.

█ Petitioner alleges that, since the existence of a warrant of arrest was never established during the proceedings, his arrest was illegal. Illegal arrest is a matter of the arrest procedure, and irregularities in the procedure are not subject to attack by a motion under Section 2255 after a voluntary plea of guilty.

Scherk v. United States, 242 F.Supp. 445, 446 (N.D.Cal.1965). The proper manner in which to question the arrest procedure is either by a motion before sentence or on appeal. Warren v. United States, 311 F.2d 673, 675 (8th Cir. 1963); United States v. Koptic, 300 F.2d 19, 22 (7th Cir. 1962). Moreover, in the present case the sentence depended solely upon the plea of guilty entered by Alaway. Such a plea, if voluntarily and knowingly made, waives all non-jurisdictional defenses, including illegal arrest. Anderson v. United States, 338 F.2d 618, 619 (9th Cir. 1964); Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964); Hoffman v. United States, 327 F.2d 489, 490–491 (9th Cir. 1964); Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961); Eberhart v. United States, 262 F.2d 421, 422 (9th Cir. 1958).

Petitioner alleges additionally that the search of his apartment by Federal Narcotics Agents incident to his arrest was illegal, arguing that the use or existence of a search warrant was not established during the proceedings and that the articles seized from the apartment bore no relation to the offense charged. As we have stated, the rule adopted by this Circuit is that a conviction and sentence which follow a plea of guilty are based solely and entirely upon the plea and not upon any evidence which may have been improperly acquired by the prosecuting authorities. Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961); Hoffman v. United States, 327 F.2d 489, 490–491 (9th Cir. 1964); Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965). In Thomas v. United States, supra, the court was confronted, as here, with a motion to vacate and set aside a sentence pursuant to Section 2255 in which the petitioner alleged that a search had been conducted on his property without a warrant or probable cause and that the fruits of the search led to his arrest and indictment. In affirming the trial court's action in denying the motion, the court concluded at 290 F.2d p. 697:

> "By his plea of guilty appellant foreclosed his right to raise objections to

the manner in which evidence upon which he was indicted was obtained. This evidence, because of the guilty plea, was not used against him. Had he stood trial his objection to its introduction, if made and overruled by the trial court, could have been raised on appeal. Under the circumstances he may not belatedly raise the contention under 28 U.S.C. § 2255. Eberhart v. United States, 9 Cir., 1958, 262 F.2d 421. Appellant was represented in the trial court by counsel of his own choosing. He changed his plea from not guilty to guilty, it must be presumed, with full knowledge of the facts and of the consequences thereof because of his representation by counsel. As a matter of fact appellant had two attorneys representing him at the time he changed his plea. When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all nonjurisdictional defenses, including the defenses raised by this motion. Hall v. United States, 8 Cir., 1958, 259 F.2d 430; Edwards v. United States, 1955, 103 U.S.App. D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 1949, 176 F.2d 122."

The record here discloses that the petitioner Alaway was represented in this court by counsel of his own choosing, was advised of his rights, and was determined to and did enter a plea of guilty to Count 2 of the Indictment. The question of an allegedly illegal search and seizure is, therefore, totally irrelevant to his present motion to vacate the conviction under 28 United States Code, Section 2255.

 Additionally, petitioner asserts that the Indictment was defective. More specifically, Alaway contends that Agent Lusardi stated that he would seek the deletion of Counts 1, 2 and 3 from the Indictment prior to the date set for trial in view of the possibility that October 5, 1966 may not have been the exact date of the transaction. However, since a plea of guilty operates as a waiver of all defenses or objections that might have been raised, the short but effective answer to

the petitioner's argument is that, by failing to attack the Indictment before entering his plea of guilty, he is barred from maintaining a subsequent motion to vacate the sentence based on alleged defects in the Indictment. Hopkins v. United States, 344 F.2d 229, 234 (8th Cir. 1965); Michener v. United States, 170 F.2d 973, 975 (8th Cir. 1948).

## PETITIONER'S FIFTH AND SIXTH CONTENTIONS

*That effective assistance of counsel was denied, and that the plea of guilty was made under duress and coercion.*

Petitioner alleges that B. Allen Millstone, whom he retained as his attorney, failed to present a defense in his behalf or otherwise effectively represent him during the proceedings.

 Petitioner's contention that his plea of guilty was given under duress and coercion is conclusively shown by the record to be without merit. Without again quoting or repeating in detail the Reporter's Transcript of the proceedings in court when his plea of guilty was taken, we are convinced the record unequivocally demonstrates that in response to the Court's careful questioning, the petitioner unmistakably affirmed that he had discussed the nature and circumstances of the offense with his attorney; that his attorney had explained the maximum penalty that the Court could impose; that there had been no promise of reward or special treatment made to him; that there had not been any threat of coercion or violence; that he understood that the plea of guilty was an admission of the essential allegations of the charge; that he was pleading guilty because he was guilty and for no other reason; and that he did so with a sound mind and clear understanding. Accordingly, it is evident that the Court, in accepting the plea of guilty, fully complied with the requirements of Rule 11, Federal Rules of Criminal Procedure, by making a careful and searching inquiry to insure that the plea was made voluntarily and with full understanding of the charge and the con-

sequences of a guilty plea.[5] Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964).

 Alleged ineffective assistance of counsel is immaterial in an attempt to impeach a plea of guilty, except perhaps to the extent that it bears upon the issue of voluntariness and understanding. Scherk v. United States, 242 F.Supp. 445, 448 (N.D.Cal.1965), citing and relying upon Edwards v. United States, 103 U.S.App.D.C. 152, 256 F.2d 707, 710 (1958). Thus, where as here the record conclusively discloses that the petitioner was more than adequately represented at all times by competent counsel and that the plea of guilty was made voluntarily and with full understanding, the claim of ineffective assistance of counsel presents no valid ground upon which relief can be granted under Section 2255.

\* \* \* \* \* \*

## PETITIONER'S SEVENTH CONTENTION

*That the use of a prior conviction in determining the sentence was improper.*

 21 U.S.C. § 176a, pursuant to which petitioner was convicted in this Court, provides that for a second or subsequent offense the offender shall be imprisoned for not less than 10 or more than 40 years and, in addition, may be fined not more than $20,000. Petitioner's prior conviction occurred on February 3, 1954, whereas Section 176a did not become effective until July 18, 1956. Alaway contends that the pre-1956 conviction may not be considered as a second offense; that to do so is to aggravate his prior offense and make it a greater offense than it was when committed; and that an enhanced penalty statute, in its application to his case, constitutes an *ex post facto* law contrary to Article 1, Section 9, Clause 3 of the Constitution of the United States. The issue presented by this contention is whether Section 176a constitutes an *ex post facto* law in its application to the petitioner.

The constitutionality of second offender statutes has frequently been upheld under similar circumstances. Wey Him Fong v. United States, 287 F.2d 525, 526 (9th Cir. 1961). In McDonald v. Commonwealth of Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901), the United States Supreme Court pointed out, p. 312, 21 S.Ct. p. 390:

"The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished in Massachusetts and New Hampshire.

"But it does no such thing. The statute under which it was rendered is aimed at habitual criminals; and simply imposes a heavy penalty upon conviction of a penalty committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years in this, or in another State, or once in each. *The punishment is for the new crime only, but is the heavier if he is an habitual criminal."* (Emphasis added).

And the court concluded, p. 313, 21 S.Ct. p. 390:

"The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case with-

5. Fed.R.Crim.P. 11.

"Rule 11. *Pleas.*

"A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea. As amended Feb. 28, 1966, eff. July 1, 1966."

in the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not *ex post facto*."

Accordingly, the enhanced penalty statute here, when applied to the sentencing of this narcotics violator as a second offender because of his prior conviction occurring before the enactment of the statute, is not an *ex post facto law*. The petitioner's contention is without merit.

## PETITIONER'S EIGHTH CONTENTION

*That the right to produce character witnesses or letters of reference at the time of sentence was not made known.*

 Petitioner alleges that he was not informed of his "compulsory process rights" to produce character witnesses or letters of reference at the time of sentence. Rule 32(a) (1), Federal Rules of Criminal Procedure, provides that before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment.[6] The record conclusively reflects that the Court fully complied with Rule 32(a) (1).

## PETITIONER'S NINTH, TENTH AND ELEVENTH CONTENTIONS

*That federal agents made false statements to the probation officer, that the possibility that statements made to the probation officer would be used was not revealed, and that access to the probation report was denied.*

 Petitioner alleges the falsity of statements made to the probation officer by agents of the Federal Bureau of Narcotics that he was considered one of the major lieutenants trafficking in marihuana and widely known as a dealer in large quantities of illegal drugs. This information is reported at page 2 of the Presentence Report, which petitioner's attorney was permitted to review at length prior to the sentencing hearing and which could have been commented upon or refuted at the time of sentencing.

Alaway also complains that he was not informed of the possibility that statements made to the probation officer would be used against him. He alleges that the statements may have enhanced the penalty imposed by the Court, but fails to specify the statements that were allegedly prejudicial to him or how or in what manner the statements enhanced the penalty.

While petitioner may have been denied personal access to the Presentence Report, his attorney, as we have stated, was permitted to and did review the report at length before sentence was imposed. It is to be noted that disclosure of the report to either the petitioner or his counsel is discretionary with the Court under Rule 32(c) (2), Federal Rules of Criminal Procedure.[7]

---

6. Fed.R.Crim.P. 32(a) (1).
 "Rule 32. *Sentence and Judgment.*
 "(a) *Sentence.*
 "(1) *Imposition of Sentence.* Sentence shall be imposed without unreasonable delay. Pending sentence the court may commit the defendant or continue or alter the bail. Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of punishment."

7. Fed.R.Crim.P. 32(c) (2)
 "Rule 32. *Sentence and Judgment.*
 "(c) *Presentence Investigation.*
 "(2) *Report.* The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court. The court before imposing sentence may dis-

## PETITIONER'S TWELFTH CONTENTION

### *That the right to appeal was not disclosed.*

Petitioner alleges that he was not informed of his right to appeal as required by Rule 32(a) (2), Federal Rules of Criminal Procedure.[8]

The pertinent provisions of Rule 32(a) (2) require that a defendant be advised of his right to appeal when, *after trial,* a court imposes sentence upon a defendant *not represented by counsel.* The rule has no application to this case because the sentence was *not* imposed *after trial,* but upon a plea of guilty entered voluntarily and with full understanding. Boyes v. United States, 354 F.2d 31, 32 (5th Cir. 1965). Moreover, the record discloses that petitioner *was* adequately represented by competent counsel at the time the plea of guilty was entered and during the sentencing hearing. See Jackson v. United States, 231 F.2d 653 (4th Cir. 1956).

### CONCLUSION

Petitioner's allegations have no substance or support in the record. On the contrary, the twelve contentions raised in petitioner's motion are overwhelmingly refuted by both the record and proper reading of the law. Moreover, since petitioner has failed to set forth any grounds entitling him to a hearing, this Court finds that none is necessary.

Petitioner's motion and the files and record conclusively show that the petitioner is entitled to no relief, and particularly to no hearing. 28 U.S.C. § 2255.[9] Earley v. United States, 381 F.2d 715, 716 (9th Cir. 1967), citing and quoting United States v. Fleenor, 177 F.2d 482, 484–485 (7th Cir. 1949).

---

close to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon. Any material disclosed to the defendant or his counsel shall also be disclosed to the attorney for the government. As amended Feb. 28, 1966, eff. July 1, 1966."

8. Fed.R.Crim.P. 32(a) (2).
"Rule 32. *Sentence and Judgment.*
"(a) *Sentence.*

"(2) *Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis.* If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant. As amended Feb. 28, 1966, eff. July 1, 1966."

9. 28 U.S.C. § 2255, note 1, supra.