**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Maurice FRIEDMAN, Defendant-**
**Appellant.**

**No. 17472.**

United States Court of Appeals
Seventh Circuit.

Oct. 9, 1969.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Robert G. Ryan, Asst. U. S. Attys., Chicago, Ill., of counsel.

Before KNOCH, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Defendant, a retail liquor dealer, was indicted for violations of 26 U.S.C. § 5603(b): Count I charged defendant with violation of 26 U.S.C. § 5603(b)(1), failure to keep on the premises of his retail liquor establishment records or invoices for all distilled spirits received as required by 26 U.S.C. § 5124; and Count II charged defendant with violation of 26 U.S.C. § 5603(b)(5), failing to produce all records required to be kept by 26 U.S.C. § 5124.

On December 6, 1968, defendant appeared with counsel and entered a plea of not guilty. On January 17, 1969, defendant, accompanied by counsel, withdrew his previous plea of not guilty and pleaded guilty to both counts. The defendant was sentenced on Count I to one year and fined the sum of $1,000, the sentence to run concurrent to a sentence previously imposed*, and he was sentenced on Count II to one year and fined the sum of $1,000, the sentence to be consecutive and to follow the sentence previously imposed.

Defendant's sole contention on appeal is that the sentence imposed under Count II of the indictment should be vacated because his plea of guilty as to Count I, failure to keep records, would preclude sentence under Count II for failure to produce the same records. Defendant claims that the fine and sentence under Count II for failing to produce that which he did not have, constituted double punishment and was violative of

* A ten-year sentence imposed by Judge Will in July, 1968, for possessing stolen property of an interstate character.

his fifth amendment privilege against double jeopardy.

We disagree with defendant's contention that the indictment under Count II is for failure to produce the same records of the illegally obtained liquors which he did not keep and which were the subject of Count I of the indictment. Consequently, we find that the consecutive sentences under Counts I and II of the indictment were not violative of defendant's privilege against double jeopardy and we affirm.

Count I of the indictment charges defendant with failing to keep records or invoices for all the distilled spirits received. The transcript of the proceedings before the district court, however, indicates that the records or invoices which the defendant failed to keep concerned a certain quantity of scotch whisky which was illegally obtained merchandise. Although the defendant did not keep records as to the scotch, he did in all probability maintain records of other legitimately purchased distilled liquors.

Since the defendant voluntarily with the assistance of experienced counsel and with full knowledge of the nature of the offenses, pleaded guilty to both counts of the indictment, defendant's plea of guilty to Count II must be construed as an admission that he kept some records (not the subject of Count I) which he failed to produce. At no time has defendant unequivocally averred that the second indictment could only cover the failure to produce the same non-existent records as were the subject of Count I. In the absence of any factual determination below construing the indictment, defendant's voluntary and knowing plea of guilty is an admission to all the stated allegations of the indictment and a waiver as to any factual overlapping of the offenses upon which the counts of the indictment are based. *Cf.* United States ex rel. Boucher v. Reincke, 341 F.2d 977, 980 (2d Cir. 1965); Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961).

The record is completely uninformative as to whether Count II of the indictment referred to a failure to produce only records which were not kept (the scotch transaction) or a failure to produce all records of legitimate purchases. Any judge contemplating consecutive sentencing which is founded upon a guilty plea hereafter would be well advised to cause the record to show the factual circumstances surrounding the commission of the crime upon which the indictment is based. *Cf.* Irby v. United States, 129 U.S.App.D.C. 17, 390 F.2d 432, 435 (1967). These factual circumstances would be construed as part of the indictment and would clearly be determinative of what has been admitted and what has been waived by defendant's plea of guilty.

For the foregoing reasons, we affirm.

Affirmed.