James E. HARDEE, Appellant,

v.

Lawrence E. WILSON, Warden, Appellee.

No. 20562.

United States Court of Appeals
Ninth Circuit.

June 29, 1966.

James E. Hardee, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., Michael J. Phelan, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before POPE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM:

Appellant, a state prisoner proceeding in propria persona and forma pauperis, appeals from the denial of his petition for a writ of habeas corpus. The district court ruled:

"This Court's ruling in Carrizosa v. Wilson, (Judge Zirpoli) No. 43323 (July 23, 1965) [D.C., 244 F.Supp. 120], forecloses further discussion of the [petitioner's] allegation, which is based in fact upon a retrospective application of Escobedo v. [State of] Illinois, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964)." (The right to counsel.)

For two reasons, the judgment of the district court must be, and is, affirmed.

I

The district court's conclusion that the *Escobedo* rule had no retroactive effect was correct. In Johnson et al. v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (decided June 20, 1966), the Supreme Court said:

"We hold that *Escobedo* affects only those cases in which the trial began after June 22, 1964, the date of that decision."

Thus, paraphrasing *Johnson*, we must hold: The conviction assailed here was obtained at a trial completed long before *Escobedo* was rendered, and the rulings of that case is therefore inapplicable to the present proceeding.

II

Appellant was charged with two counts of murder. He was represented by the public defender at the preliminary hearing. One witness at the scene of the double shooting testified that she was present with appellant and the two victims, and no one else, in her home where and when the killings occurred. Another eye witness who heard the shots described appellant's flight from the scene. Both were vigorously examined on appellant's behalf. Appellant's written statement was introduced in evidence,[1] and appellant was bound over for trial.

At the time of the trial, appellant, represented by private counsel of his choice, pleaded guilty. Thus, because of his plea of guilty made when represented by counsel, the appellant stands convicted, not because of a confession or statement, but by reason of his plea alone. This forecloses any collateral attack. Wallace v. Heinze, 351 F.2d 39 (9th Cir. 1965); Thomas v. United States, 290 F.2d 696–697 (9th Cir. 1961).

Affirmed.

---

1. Appellant freely admitted the shootings. The last sentence in his statement reads: "I can't understand why [you ask for] all the details when I've told you I'm guilty."