**Alvin H. NAIRN, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 68–510.

United States District Court
C. D. California.

Aug. 19, 1968.

158

Alvin H. Nairn, in pro. per.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief of Criminal Division, and Ronald S. Morrow, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

I. 28 U.S.C. § 2255:

"§ 2255. *Federal custody; remedies on motion attacking sentence*

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial

HAUK, District Judge.

Petitioner, Alvin H. Nairn, a prisoner at the Federal Correctional Institution in Lompoc, California, is here upon motion to vacate his judgment of conviction for bank robbery, pursuant to Section 2255 of Title 28, United States Code.[1]

Allowed to proceed in *forma pauperis*, petitioner seeks to vacate his judgment of conviction upon his plea of guilty on the following grounds: (1) that he was not taken before a United States Commissioner without "unnecessary delay", as required by Rule 5(a) of the Federal Rules of Criminal Procedure; (2) that he confessed without being advised of his rights; and (3) that his plea of guilty was the result of psychological coercion, intimidation and fear induced by law enforcement officials.

FACTS AND PROCEEDINGS CONCLUSIVELY SHOWN BY FILES AND RECORDS

A complaint filed with the United States Commissioner on November 21, 1966 by the Federal Bureau of Investiga-

or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.

An appeal may be taken to the court of appeals from the order entered on the motion as from a final judgment on application for a writ of habeas corpus.

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

tion charged petitioner Nairn with robbery of a national bank. On the day the complaint was filed, the Commissioner issued a warrant of arrest, which was executed by Nairn's arrest the following day, November 22, 1966. Nairn was immediately, on the same afternoon as his arrest, brought before the Commissioner and committed to the Los Angeles County Jail.

On December 21, 1966, the Federal Grand Jury returned a three count Indictment[2] charging Nairn, along with co-defendants Tommie Louis Lee Brown and Ernest Manfred Davenport, with robbery of a savings and loan association, robbery of a national bank and attempted robbery of a national bank, by use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d).[3]

Petitioner was arraigned before the Honorable Jesse W. Curtis, United States District Judge, on December 27, 1966, and, after conferring with his appointed counsel, Mario P. Gonzalez, he entered a plea of not guilty to the Indictment. Subsequently, on January 23, 1967, petitioner appeared before this Court and, through his counsel, moved for a change of plea:

"THE CLERK: No. 143–Criminal, United States of America vs. Alvin Horatio Nairn, Gerald Eugene Thompson, Samuel Alexander Poe, Jr. No. 144–Criminal, United States of America vs. Alvin Horatio Nairn, Tommie Louis Lee Brown, Ernest Manfred Davenport.

"MR. LePERA: Ralph LePera representing defendant Poe. The defendant is present in the courtroom.

"MR. BREGMAN: Joseph Paul Bregman representing defendants Brown and Thompson. Both defendants are present.

"MR. GONZALES: M. T. Gonzales representing defendant Nairn. The defendant Nairn is present.

"MR. JAFFEE: Sheldon Jaffee representing the defendant Davenport.

"MR. MORROW: Ronald Morrow appearing for the United States.

"THE COURT: Do you have a motion, counsel?

"MR. GONZALES: M. P. Gonzales on behalf of the defendant Nairn in Indictment No. 144. The defendant wishes to withdraw his former plea of not guilty and enter a plea of guilty to 144.

"THE CLERK: Defendant Alvin Horatio Nairn, do you waive reading of the Indictment?

"DEFENDANT NAIRN: Yes.

'THE CLERK: I will ask the defendant Alvin Horatio Nairn, how do you plead to Count Three of the Indictment, are you guilty or not guilty?

"DEFENDANT NAIRN: Guilty.

2. Indictment No. 144–CD, filed December 21, 1966, United States District Court, Central District of California.

3. 18 U.S.C. § 2113(a) and (d):
   "§ 2113. *Bank robbery and incidental crimes*
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or
   Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

   \* \* \* \* \*

   (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

"THE COURT: Is that 2113(a) and (d)?

"THE CLERK: Yes, sir.

"THE COURT: Have you discussed with your attorney the nature and circumstances of the offense charged?

"DEFENDANT NAIRN: Yes, I have.

"THE COURT: Has he explained to you what the Court can impose as the maximum sentence?

"DEFENDANT NAIRN: Yes, he has.

"THE COURT: What is it?

"DEFENDANT NAIRN: $10,000, 25 years, or both.

"THE COURT: Has there been any promise of reward or special treatment, or any threat of coercion or violence made to you?

"DEFENDANT NAIRN: No, there hasn't.

"THE COURT: You understand it is an admission of the essential allegations of the charge, your plea of guilty is?

"DEFENDANT NAIRN: Yes.

"THE COURT: You are pleading guilty because you are, and for no other reason?

"DEFENDANT NAIRN: Yes.

"THE COURT: The Court will find you convicted on your plea of guilty and set the probation and sentence hearing for February 20th at 2:00 p. m." (Rep.Tr., Jan. 23, 1967. pp. 3–4, 10–11.)

In the Presentence Report the Probation Officer stated the "Official Version" and then the "Defendant's version of Offense":

*"Official Version:*

"On January 23, 1967, defendant entered a plea of guilty to Count 3 and not guilty to Count 1 of a 3 Count Indictment charging him in Counts 1 and 3 with violation of 18 U.S.C. 2113(a) (d), (Robbery of Savings and Loan Association; Robbery of National Bank; Use of Dangerous Weapon).

"It is charged in Count 1 that on or about September 23, 1966, in Los Angeles County, defendant and codefendant, Tommie Louis Lee Brown, by force and violence, wilfully took $3,152.38 from the University Savings and Loan Association, 8220 S. Vermont Avenue, Los Angeles, California. It is also charged that in the commission of this offense the defendants used a pistol, a dangerous weapon and device.

"Count 3 charges that on or about October 31, 1966, in Los Angeles County, defendant, by force and violence, wilfully took $9,024.00 from the Bank of America, Baldwin Hills Branch. It is further charged that in the commission of this offense defendant used a black revolver, a dangerous weapon and device.

"Investigation as to Count 3 discloses that at approximately 12:00 p. m., on October 31, 1966, defendant and a companion entered the Bank of America, Baldwin Hills Branch. Defendant stood in the lobby by the officers' platform and, while holding a gun, directed the employees to 'freeze'. Meanwhile his companion, holding a paper bag, vaulted the counter and entered the tellers' work area where he took $9,024.00 in currency and coin. Defendant's companion then vaulted over the counter into the lobby and left by the rear door, followed closely by the defendant. Both entered a 1965 Mustang automobile and drove away from the bank. They abandoned the car several blocks away, and it was later determined that the car had been 'hot wired' and stolen on the above date."

*"Defendant's Version of Offense:*

"Orally defendant states that he has known codefendant Brown for approximately one and a half years. He also mentions that he has known codefendant Davenport for approximately twelve years, indicating their families are long time friends.

"In discussing the offense, he states he was unemployed and one 'Dell'

Morgan promised him $300 if he 'hot wired' a car. He states he stole the car and later learned that his fingerprints were found on the car and that it had been used in a bank robbery. He states when he confronted Morgan with this he was told to 'forget it or else'. He related that subsequently he was intimidated by Morgan into participating in a robbery. He acknowledges that he participated in three robberies, and relates that in each instance Morgan 'set up' the jobs and received one-third of the money taken.

"He claims to have a fear of guns, and states that in committing this offense he used a pellet gun that was inoperative. He observes that the money he received from the robbery 'just went', indicating none was spent in a spectacular manner." (Presentence Report, Feb. 15, 1967, pp. 2–3.)

Taking into consideration the conviction on Count 3 of the Indictment and the Presentence Report, petitioner was found to be 23 years of age at the time of conviction, eligible for treatment under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, as a Young Adult Offender under 18 U.S.C. § 4209,[4] and in need of confinement. Accordingly, the Court committed petitioner to the custody of the Attorney General for treatment and supervision for a period of 20 years, pursuant to 18 U.S.C. § 5010(c),[5] or until discharged by the Federal Youth Corrections Division of the Board of Parole, as provided by 18 U.S.C. § 5017(d).[6] At the same time, the Court recommended that petitioner receive adequate psychiatric treatment while serving his sentence. Upon motion of the Government, the dismissal of Count 1 of the Indictment was ordered. (Judgment, Feb. 20, 1967.)

### PETITIONER'S FIRST CONTENTION

*That petitioner was not taken before a United States Commissioner without "unnecessary delay", as required by Rule 5(a) of the Federal Rules of Criminal Procedure.*

Petitioner contends that his conviction should be set aside because he was not taken before a United States Commissioner without "unnecessary delay", as required by Rule 5(a) of the Federal Rules of Criminal Procedure.[7]

4. 18 U.S.C. § 4209:
"§ 4209. *Young adult offenders*
In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act."

5. 18 U.S.C. § 5010(c):
"§ 5010. *Sentence*
(c) If the court shall find that the youth offender may not be able to derive maximum benefit from treatment by the Division prior to the expiration of six years from the date of conviction it may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter for any further period that may be authorized by law for the offense or offenses of which he stands convicted or until discharged by the Division as provided in section 5017(d) of this chapter."

6. 18 U.S.C. § 5017(d):
"§ 5017. *Release of youth offenders*
(d) A youth offender committed under section 5010(c) of this chapter shall be released conditionally under supervision not later than two years before the expiration of the term imposed by the court. He may be discharged unconditionally at the expiration of not less than one year from the date of his conditional release. He shall be discharged unconditionally on or before the expiration of the maximum sentence imposed, computed uninterruptedly from the date of conviction."

7. Fed.R.Crim.P. 5(a):
"Rule 5. *Proceedings before the Commissioner*
(a) *Appearance before the Commissioner.* An officer making an arrest under a warrant issued upon a complaint or any person making an arrest with-

This contention is completely without merit. The files and records clearly show that on November 22, 1966 petitioner was arrested, taken into Federal custody and immediately arraigned before a Commissioner, on the same afternoon as his arrest. In addition, the affidavit of Ronald G. Perkerson, Special Agent of the Federal Bureau of Investigation, shows that there was an immediate arraignment after petitioner came into Federal custody.

■ Assuming *arguendo* that there was a prohibited delay, the appropriate remedy would be to exclude from evidence statements obtained during the period between the arrest and the arraignment. In this instance, however, no evidence was introduced by the Government because of petitioner's plea of guilty.

## PETITIONER'S SECOND CONTENTION

*That petitioner confessed without being advised of his rights.*

■ The Ninth Circuit, by whose rulings we are bound, has repeatedly asserted its adherence to the general principle that convictions which follow pleas of guilty are based solely and entirely upon the pleas entered, not upon any evidence which may have been improperly acquired by the prosecuting authorities. Norris v. Wilson, 378 F.2d 324, 326 (9th Cir. 1967); Wallace v. Heinze, 351 F.2d 39, 40 (9th Cir. 1965); Davis v. United States, 347 F.2d 374, 375 (9th Cir. 1965); Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964); Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961); Eberhart v. United States, 262 F.2d 421, 422 (9th Cir. 1958). In rendering its opinion in Hardee v. Wilson, 363 F.2d 848 (9th Cir. 1966), the court recently stated:

"At the time of the trial, appellant, represented by private counsel of his choice, pleaded guilty. Thus, because of his plea of guilty made when represented by counsel, the appellant stands convicted, not because of a confession or statement, but by reason of his plea alone. This forecloses any collateral attack. * * * " 363 F.2d at 849.

In Thomas v. United States, supra, the court was confronted, as here, with a motion to vacate and set aside a sentence pursuant to Section 2255 in which petitioner alleged that a search had been conducted on his property without a warrant or probable cause and that the fruits of the search led to his arrest and indictment. In affirming the trial judge's decision denying the motion, the court concluded:

"By his plea of guilty appellant foreclosed his right to raise objections to the manner in which evidence upon which he was indicted was obtained. This evidence, because of the guilty plea, was not used against him. Had he stood trial his objection to its introduction, if made and overruled by the trial court, could have been raised on appeal. Under the circumstances he may not belatedly raise the contention under 28 U.S.C. § 2255. Eberhart v. United States, 9 Cir., 1958, 262 F.2d 421. Appellant was represented in the trial court by counsel of his own choosing. He changed his plea from not guilty to guilty, it must be presumed, with full knowledge of the facts and of the consequences thereof because of his representation by counsel. As a matter of fact appellant had two attorneys representing him at the time he changed his plea. When a defendant voluntarily and knowingly pleads guilty at his trial this constitutes a waiver of all non-jurisdictional defenses, including the defenses raised by this motion. Hall v. United States, 8 Cir., 1958, 259

out a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

F.2d 430; Edwards v. United States, 1955, 103 U.S.App.D.C. 152, 256 F.2d 707; Berg v. United States, 9 Cir., 1949, 176 F.2d 122." 290 F.2d at 697.

The record discloses that petitioner Nairn was represented in this Court by competent counsel, was advised of his rights, and was determined to and did enter a plea of guilty to Count 3 of the Indictment. In view of petitioner's guilty plea, it is equally clear that the alleged confessions were not and could not have been introduced into evidence. The question of an illegal confession is, therefore, totally irrelevant to petitioner's present motion to vacate a conviction under Section 2255.

### PETITIONER'S THIRD CONTENTION

*That the plea of guilty was the result of psychological coercion, intimidation and fear induced by law enforcement officials.*

■ Petitioner's contention that his plea of guilty was the result of psychological coercion, intimidation and fear is conclusively shown by the record to be without merit. Without again quoting or repeating in detail the Reporter's Transcript of the proceedings in court when his plea of guilty was taken, we are convinced the record unequivocally demonstrates that, in response to the Court's careful questioning, petitioner unmistakably affirmed that he had discussed the nature and circumstances of the offense with his attorney; that his attorney had explained the maximum penalty the Court could impose; that no promise of reward or special treat-

ment had been made to him; that there had not been any threat of coercion or violence; that he understood the plea of guilty was an admission of the essential allegations of the charge; and that he was pleading guilty because he was guilty and for no other reason. It is evident that the Court, in accepting petitioner's plea of guilty, fully complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure[8] by conducting a careful and searching inquiry to insure that the plea was made voluntarily and with full understanding of the charge and the consequences of a guilty plea. Harris v. United States, 338 F.2d 75, 80 (9th Cir. 1964).

### CONCLUSION

■ Petitioner's arguments have no substance or support in the record. On the contrary, the three allegations raised in petitioner's motion are overwhelmingly refuted by both the record and a proper reading of the law. Moreover, since petitioner has failed to set forth any grounds entitling him to a hearing, this Court finds that none is necessary.

Petitioner's motion and the files and record conclusively show that petitioner is entitled to no relief and, particularly, to no hearing. 28 U.S.C. § 2255.[9] Earley v. United States, 381 F.2d 715, 716 (9th Cir. 1967), citing and quoting United States v. Fleenor, 177 F.2d 482, 484 (7th Cir. 1949).

### ORDER

Now, therefore, it is hereby ordered that petitioner's motion to vacate and set aside sentence pursuant to 28 U.S.C. § 2255 be and the same is denied.

---

8. Fed.R.Crim.P. 11:

"Rule 11. *Pleas*

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

9. Footnote 1, supra.